HAWTHORNE, Justice.
 

 This is a suit by plaintiff, Henry Hughes, against his former employer, H. E. Enloe, and Enloe’s insurance carrier to recover compensation for permanent total disability under the Workmen’s Compensation Act, Act No. 20 of 1914, as amended.
 

 The district court awarded plaintiff judgment under Section 8(1) (d) (15) of the act [Act No. 242 of 1928, p. 358] for 50 per cent of 65 per cent of his weekly wages of $20.00 not to exceed 133 weeks from May 30, 1945, compensation having been paid for total disability for 17 weeks prior thereto.
 

 On appeal by plaintiff the Court of Appeal, Second Circuit, found, as did the district court, that plaintiff was entitled to compensation under this section of the act, but amended the judgment so as to reduce the amount of compensation to 35 per cent of 65 per cent of his weekly wages of $20.00. The judgment of the lower court was affirmed insofar as it allowed plaintiff $48.00 for expenses incurred by him, and also insofar as it taxed as costs an expert’s fee of $25.00.
 

 The sole question presented is whether plaintiff is entitled to compensation for permanent total disability under Section 8 (1) (b) of the compensation act as prayed for in his petition — that is, 65 per cent of his weekly wages of $20.00 during the period of disability, not, however, beyond 400 weeks — , or entitled to compensation for the permanent partial loss of the use
 
 *541
 
 of a hand under Section 8(1) (d) (15), as-awarded by the district court and the Court of Appeal.
 

 It is now well established and firmly fixed in our jurisprudence that a disability to do work of any reasonable character 'is deemed total within the intendment of Section 8(1) (b) of the law whenever it appears that the employee due to the injury is unable to perform work of the same or similar character as that which he was accustomed to perform. Knispel v. Gulf States Utilities Co., Inc., 174 La. 401, 141 So. 9; Barr v. Davis Bros. Lumber Co., Ltd., 183 La. 1013, 165 So. 185; Stieffel v. Valentine Sugars, Inc., et al., 188 La. 1091, 179 So. 6; Washington v. Independent Ice & Cold Storage Co. et al., 211 La. 690, 30 So.2d 758.
 

 Plaintiff, while assisting in the loading of logs on trucks for defendant H. E. Enloe, the owner and operator of a sawmill in Bienville Parish, received an injury to his right forearm which resulted in some fibrosis of the tendons and muscles of this arm. Because of this fibrosis plaintiff has a 25 to 35 per cent limitation of flexion in the four fingers of his right hand, and this condition is admitted to be permanent. Due to this injury he is unable to close his hand completely and has lost the power to grip, being unable to grasp firmly any object such as an ax, a rope, a canthook, or other tools which 'he had formerly used as an employee of defendant herein. This condition of the muscles of plaintiff’s right forearm causes him to suffer pain, and his physician testified that a fibrotic muscle or tissue is often quite painful due to the fact that nerve tissue may be bound up in the fibrosis.
 

 From these facts we must now determine whether as a result of that injury plaintiff is unable to perform work of the same or similar character as that which he performed before the accident. Prior to the time of the injury, plaintiff worked as a “swamper” in logging operations, cutting logs, driving teams, loading logs on trucks, and was also engaged in farming. The evidence shows that after the injury he could not perform the work required of him as a swamper and was not reemployed by the defendant Enloe, and that he attempted to harvest a cane crop on a small tract of land, but due to the condition of his hand it took him one week to strip the amount of cane that he formerly could strip in one day.
 

 Plaintiff having lost power. to • grip and hold the tools necessary to perform the work which he was accustomed to perform, it follows that he is unable any longer, due to this permanent injury, to perform work of the same or similar character as he was accustomed to perform prior to his injury, and therefore, in our opinion, he is entitled to compensation for permanent, total disability.
 

 For the reasons assigned, the judgment of the Court of Appeal is reversed'insofar as it- denied to plaintiff his claim for 'com
 
 *543
 
 pensation for permanent and total disability, and it is now ordered that he be awarded compensation of 65 per cent of his weekly wages of $20.00 not to exceed 400 weeks, less a credit of compensation previously paid during 17 weeks; in all other respects the judgment of the Court of Appeal is affirmed; defendants to pay all costs.
 

 O’NIELL, C. J., is of the opinion that the Judgment of the Court of Appeal is correct.