This is a claim for compensation in which plaintiff alleged permanent and total disability resulting from an accident suffered in the course of his employment. After trial there was judgment in favor of plaintiff in the sum of $19.66 per week for a period not to exceed 100 weeks, less credit of amounts paid. From this judgment defendant has appealed, and plaintiff has answered the appeal, praying for the allowance of the award for a period not exceeding 400 weeks.
Defendant-appellant has filed in this Court a motion to dismiss the answer to the appeal on the ground that the same was filed too late. Admittedly the answer was filed in this Court prior to argument. Counsel for defendant-appellant takes the position that filing should have been made not less than three days prior to argument, under the provisions of Article 890 of the Code of Practice. The applicable portion of the article referred to provides: "* * * in the courts of appeal for the several circuits of the State such answers to appeal shall be allowed filed before argument within the first three days of the actual sittings of any regular session of said courts of appeal."
Rule 10 of the Rules and Orders of the Court of Appeal, Second Circuit, of the State of Louisiana, contains the provision, inter alia, that answers to appeals must be filed with the Clerk of Court "within the delay fixed by law".
This Court began its June term on June 6th and, admittedly, plaintiff's answer to the appeal was properly filed before the hearing of argument in the case on the said date. Such filing constituted a timely compliance with the provisions of the article of the Code of Practice and the rules of this Court, and, accordingly, defendant's motion to dismiss the answer to appeal is without merit and is disallowed.
The only question before us bears upon the extent of disability suffered by plaintiff.
The undisputed facts show that on or about May 27, 1947, plaintiff, employed as a bull wheel operator in a sawmill of defendant's assured in Natchitoches Parish at a weekly wage of $30.25, was injured when he became entangled in the steel cable of the bull wheel. Plaintiff lost by amputation one and one-half phalanges of the little finger and the distal phalanx of the middle finger and ring finger, respectively, of his right hand. Compensation was paid at the rate of $19.66 per week for a total of 13 weeks, at which time such payment was discontinued.
Plaintiff also alleged injuries to his shoulder in the accident complained of, but the record fails to satisfactorily establish such injury. It is true that plaintiff testified as to this injury and the continuing effects thereof, but it is significant that this testimony was not corroborated and that the injury was not brought to the attention of any of the three examining physicians, whose testimony appears in the record, by plaintiff at the time of his several physical examinations. We are therefore of the opinion that plaintiff has failed to sustain the requisite burden of proof with respect to this particular injury.
As we have stated, there is no question as to the nature of the injury to plaintiff's right hand, which was particularly described by a statement dictated into the record on trial of the case by the District Judge as follows: *Page 702 
"The Court: The description of the right hand of the plaintiff discloses apparently no injury to the thumb or index finger. The middle finger seems to have one phalange off, and the ring finger has one phalange off, and the little finger has two * * * one and a half. When the hand is closed, the only finger touching the palm is the index finger. The middle finger and the ring finger lack a quarter of an inch, as to the first, and a half inch as to the second, of touching the palm, and the little finger sticks straight up.
"Mr. Makar: I would like to have you press down on that, please.
"The Court: (Pressing down on plaintiff's hand) There seems to be a stiffness in the joints of the fingers when force is applied to compel them to close, and they did not close."
Defendant contends that the only loss suffered by plaintiff was the specific injury to the tips of the three fingers of his right hand, and that as a result he is entitled to compensation only for the specific loss provided in subdivision 1, Paragraph (d) 11, of Section 8 of Act No. 20 of 1914, as amended, Act. No. 242 of 1928, p. 358. Alternatively, it is argued on the basis of Spillers v. Jonesboro Gin Co., La. App., 193 So. 509, on which authority the District Judge predicated his award, that the judgment should be reduced to accord with the percentage of impairment in the use of plaintiff's hand.
Counsel for plaintiff advances the proposition that plaintiff's injuries are of such nature as to prevent him from performing the duties to which he was accustomed as efficiently as was his wont before the accident, as the result of which he is barred from competing with able-bodied men in the same type of employment and is unable to perform work of the "same or similar character as that which he was accustomed to perform". In support of this premise counsel cites the recent Supreme Court case of Hughes v. Enloe et al., 214 La. 538,38 So.2d 225.
Reverting to the written opinion of our distinguished colleague of the District Court, we find the following observations:
"There was a considerable injury to the hand and some of it is permanent. Nevertheless, I do not think the injury sufficient to prevent his performing the duties of bull wheel operator, perhaps to some degree less efficiently, but still do it, and, therefore, I do not believe he is totally and permanently disabled. I do not think a decree for four hundred weeks would be fair to the defendant. I likewise do not think a few weeks would be fair to the plaintiff. Rather I think a decree of one hundred weeks, the number designated for the impairment of a physical function would come nearer doing justice to both than any other decision I could make. His fingers have a good deal of stiffness there, and his ability to use the hand is considerably impaired. When you consider the manner in which the plaintiff was injured — that his hand was caught in the cable of a bull wheel and his arm was pulled thru until his shoulder stopped him, you can't be satisfied with an allowance of 60 weeks for the loss of three fingers. It may be, under the law, that I am supposed to allow four hundred weeks for total permanent disability, or in the event I hold that he is not so disabled that I must fix the time based on loss or partial loss of fingers. Suppose, on the other hand, a Judge's sense of justice is violated by either holding. Under such a circumstance, I rather think the holding in the case of Spillers v. Jonesboro Gin Co., Inc., [La. App.], 193 So. 509, would apply, in which it was held:
" 'Loss of one joint from each of three fingers, which did not disable employee to do work of any reasonable character, but which did produce disfigurement and interfered with manual dexterity, is compensable as for impairment of a physical function.' "
We cannot refrain from expressing our thorough understanding and sympathy with the position taken by our brother of the District Court. Much the same attitude has been frequently expressed in the pronouncements of this Court. However, we are unable to distinguish the facts in the instant case and the facts of the Hughes case, cited supra, in which the Supreme Court reversed the judgment of this Court *Page 703 
to such extent as we had denied plaintiff's claim for permanent and total disability.
The facts in the Hughes case showed that plaintiff, employed as a swamper in a sawmill, received an injury of the right forearm, causing a fibrosis of the tendons and muscles thereof, which resulted in a 25 to 35% limitation of flexion in the four fingers of his right hand. By reason of the injury plaintiff was unable to close his hand completely; had lost the power of gripping with the hand and could not firmly grasp the tools and instruments formerly used in the course of his employment, such as an axe, a rope, a cant hook, etc. The Supreme Court held that the evidence showed that the employee could not continue to perform the work required of a swamper, was not re-employed, and that his ability to perform work of the same or similar character as was performed prior to the injury entitled him to compensation for permanent and total disability.
In the instant case almost the same identical facts are established by the record. Plaintiff suffered the loss of portions of the three named fingers of the right hand, as the result of which he is unable to close his hand; he suffered the loss, to some degree at least, of the power to grip, and limitation in the use of the hand of not less than 25%, which, insofar as the record discloses, must be considered permanent. Additionally, it is shown that plaintiff could not continue to handle and use with full effectiveness a cant hook, which instrument is manipulated by a bull wheel operator at irregular intervals for the purpose of disengaging logs of varying sizes from the carriage. According to plaintiff's uncontradicted testimony his only effort to use a cant hook, which effort he had made a short time prior to trial of the case, disclosed his inability to grip and operate the instrument and caused severe pain in the stumps of the amputated fingers. The record also establishes the fact that plaintiff had not sought, nor had he been offered, re-employment in the same work which he had been performing at the time of the accident.
Prior to his employment as a bull wheel operator, which was of very brief duration, plaintiff had been variously employed in the pulpwood and logging industry, particularly as a pulpwood loader. In connection with this employment the testimony shows that plaintiff had some skill as a mechanic, which unquestionably was of considerable value and benefit to his employers. Subsequent to the accident the only employment in which plaintiff had engaged was that of a driver of a pulpwood truck, which work he had followed for some period of time until his services were no longer needed. Nevertheless, there remained some question as to his efficiency as a truck driver and, unquestionably, plaintiff will be considerably handicapped in competing for jobs with able-bodied men.
On behalf of defendant considerable emphasis is placed on the fact that the operation of a bull wheel has been performed in instances by handicapped persons, and, specifically, the testimony of one witness showed that despite the fact that he had suffered a severe burn to his right hand, which disabled him as far as the use of the fingers were concerned and left several of the fingers of his right hand grown to the palm thereof, he had been employed as a bull wheel operator. Nevertheless, an obvious distinction may be made in the case of an individual who suffered a handicap in infancy and has been forced to overcome the results thereof and one who has been similarly handicapped as the result of an injury sustained in the period of his adult manhood. Further, the testimony of the witness in question discloses the fact that he could not handle a cant hook efficiently under all circumstances and that on occasions he required help. This fact clearly would militate against competition for employment with able-bodied individuals. This factor has been recognized as a material consideration by the Supreme Court. Washington v. Independent Ice Cold Storage Co., 211 La. 690, 30 So.2d 758, citing Henry v. Higgins Industries, La. App., 24 So.2d 402.
The testimony of Mr. James F. Lawney, a man of long experience in the lumber business, for whom plaintiff had worked for some 7 1/2 years as a pulpwood loader, is particularly convincing. This witness testified that in his opinion plaintiff could not use a pulpwood hook nor a cant hook with *Page 704 
proper efficiency, and that his ability to secure employment as a pulpwood loader was questionable since it would take him too long to load a car, which was the basis of payment.
In view of these facts, and with proper consideration and respect for the holdings of the Supreme Court in the cases cited, we are of the opinion that plaintiff is entitled to an award of compensation for permanent total disability.
For the reasons assigned the judgment appealed from is reversed insofar as it denied plaintiff his claim for compensation for permanent and total disability, and it is now ordered that plaintiff be, and he is hereby, awarded compensation to the extent of $19.66, being 65% of his established weekly wages, for a period not to exceed 400 weeks, less amounts previously paid. In all other respects, the judgment appealed from is affirmed at defendant's cost.