KENNON, Judge.
Plaintiff, alleging that he was totally and permanently disabled as the result of injuries sustained by him while in the course of his employment with the defendant as a boiler fireman, filed this suit seeking compensation payments of $20.00 per week for four hundred weeks, less payments received, and for medical expenses.
Defendant in answer admitted that plaintiff’s hand was injured as the result of contact with the blades of a blower fan, but set forth that the construction of the fan was such that plaintiff could only have been Injured by his deliberate failure to use adequate safeguards and protection provided by defendant against the occurrence of such an accident. In the alternative, defendant contended that plaintiff’s hand had been previously injured and the injury sued-upon was of a minor nature, and that his hand had become completely healed from' the effects of the second injury.1
The District Court found that 'plaintiff was injured by coming in contact with the blades of the fan used by defendant in the course of its business; that as a result of his injuries, plaintiff had lost a large measure of the grasping power in his left hand, which had remained sore, tender and painful, -and rendered judgment in his favor for $10.00 a week compensation for a period not exceeding three hundred weeks.
. Defendant appealed. Plaintiff answered the appeal asking that the award be in *117 creased to four hundred weeks, as prayed for.
Plaintiff’s account of the manner in which he received his injury is contained in paragraph five of his petition, quoted below: “That on or about September 12, 1947, while in the regular course and scope of his employment, petitioner was inspecting a blower operated in connection with the boilers and while so engaged, he became overbalanced and slipped and fell, thrusting his left hand and arm "into the blower, breaking the thumb, first and second fingers of the left hand, crushing the "bones of the hand and fingers, and injury-ing the nerves, ligaments and sinews of the left hand and left arm.”
Defendant’s contention in answer is that the injury occurred when plaintiff disregarded the safeguards provided and chose to determine if the machinery was running by thrusting his hand and arm into the blower.
After hearing the testimony on this point, the trial judge, in company with the attorneys and litigants, made a personal inspection of defendant’s premises, including an observation of the equipment. The conclusion of the District Court is expressed in the following paragraph from his comprehensive written opinion: “There is no question about his having been injured whether it was caused by slipping while making an examination as claimed or by voluntarily thrusting his hánd into the opening to determine the pressure and thus , accidently contacted the blades. The fact still remains that he was injured by coming in contact with the blades of the fan used by defendant at the time of the injury.”
The record supports the finding of the District Judge that plaintiff was injured while in the course of his employment.
In view of the jurisprudence of this state, plaintiff would not be barred from recovery even if the accident had resulted from his imprudent decision to find out whether the fan was operating by thrusting his hand into the opening. Liner v. Travelers Insurance Company et al., La.App., 41 So.2d 804.
The doctors introduced by plaintiff and defendant agree that plaintiff’s left hand has suffered a permanent disability. However, the doctors are in disagreement as to the extent of disability.
Dr. Julian Hirsch, called by plaintiff, testified that he found a limitation of motion, with a bony deformity of the terminal phalanges of the thumb, forefinger, middle finger and ring finger of plaintiff’s left hand. He also testified that plaintiff was suffering from traumatic neuritis of the left hand and lower forearm. His diagnosis of plaintiff’s condition included a traumatic arthritis of the fingers, bony deformity and ■ poor union at the fracture site, a residual tissue injury and fingertip sensitiveness of the involved fingers. He concluded that, for practical purposes, the left hand was permanently disabled.
Dr. Moseley, testifying for defendant, conceded that the injury to plaintiff’s left hand was permanent, and estimated the disability as 10%.
Dr. M. S. LeDoux, who examined plaintiff four months after the injury and testified for defendant, found a numbness in plaintiff’s forearm and hand, with a stiffness in three of the fingers: Six months later, upon re-examination, he found there was less stiffness and more use of the hand. Nine months later Dr. LeDoux examined the plaintiff and found that he had improved but little since the second examination.
Our conclusion is that plaintiff will never be able to make full and effective use of his left hand. A fair estimate would be that the usefulness of the hand has been diminished in the range of thirty-five to fifty per cent.
In the case of Hughes v. Ehloe et al., La.App., 31 So.2d 878, this Court found that Hughes had suffered an injury to his right arm and hand which left him with only limited flexion of the fingers and unable to make a full and normal use of the hand. The percentage of disability to this member was fixed at thirty-five per cent, and this Court awarded the judgment proper for a thirty-five per cent permanent partial loss of the use of function for the right hand. *118 The Supreme Court granted a writ of cer-tiorari, and in its opinion, 214 La. 538, 38 So.2d 225, 226, agreed with this ¡Court on its finding of fact, namely, that the plaintiff had a permanent twenty-five to thirty-five per cent limitation of flexion in the four fingers of his right hand, but in view of the fact that the duties of his employment at the time of his injury required him to grasp firmly such objects as an ax, rope, canthook, and other tools, and that he was unable to perform these duties effectively, the Supreme Court granted Hughes judgment for permanent total disability. We quote a pertinent paragraph from that opinion: “Plaintiff having lost power to grip and hold the tools necessary to perform the work which he was accustomed to perform, it follows that he is unable any longer, due to this permanent injury, to perform work of the same or similar character as he was accustomed to perform prior to his injury, and therefore, in our opinion, he is entitled to compensation for permanent, total disability.”
In the case before us, the record does not disclose the exact nature of plaintiff’s duties at the time of his injury. We are unable to determine from a reading of the evidence whether or not plaintiff, in his present condition, will be able to perform the actual manual manipulations required by his employment with defendant as of the date of his injury. Consequently, we are unable to determine from the record as presently constituted whether plaintiff is entitled to compensation for permanent total disability under the jurisprudence of Louisiana as set forth in the Hughes case, supra (and authorities there cited). Under these circumstances, and in accordance with the authority granted by the Code of Practice, we have concluded to remand the case to the District Court.
It is therefore ordered that the judgment appealed from be set aside; that the case be remanded to the District Court for the purpose of taking testimony as to the nature and extent of plaintiff’s duties with the defendant and other facts bearing upon the ability of plaintiff to perform the work of the same or similar character as that which he was accustomed to perform, and, for a new judgment of the District Court in accordance with the evidence adduced and the views herein expressed. Determination of liability for costs to await the final outcome of the litigation.