HARDY, Judge.
This is an action for compensation in which plaintiff claims total and permanent disability. After trial there was judgment in favor of plaintiff awarding compensation at $10.00 per week for a period not exceeding 300 weeks, from which defendant appealed. Plaintiff answered the appeal seeking an increase in judgment. After hearing on appeal this Court set aside the judgment of the District Court and remanded the case for the purpose of the taking of further evidence bearing upon plaintiff’s ability to perform work of the same or similar character as that to which he was accustomed. Brown v. Mansfield Hardwood Lumber Company, La.App., 50 So.2d 116.
After reopening the case and taking evidence the District Judge again rendered judgment awarding compensation of $10.00 per week for a period not exceeding 300 weeks, from which defendant again has appealed and plaintiff has answered the appeal, seeking the increase of the award.
The facts .were set forth in our original opinion cited supra and the only question now before us for determination bears upon the degree of disability suffered by plaintiff.
Our conclusion, as noted in the opinion on first appeal, was to the effect that plaintiff’s injury had resulted in diminishing the usefulness of his left hand by some 35 to 50%. The only question which remained in our minds was with respect to plaintiff’s ability, in view of this limitation of use of the hand, to perform his duties as a fireman or duties of a similar character and nature.
Testimony of several witnesses tendered on behalf of plaintiff upon the reopening of the case indicates that the ordinary duties of a fireman were extremely arduous, involving the removal and replacement of firebox gratings, weighing 150 pounds or more, manheads weighing 50 to 75 pounds; the removal and replacement of bolts; operation of valves; manipulation of iron cleaning rods, and, on occasions, the use of heavy slabs or cross-ties as fuel. The consensus of the witnesses was that these and other labors involved in performing the duties of a fireman unquestionably necessitated the use of both hands. In seeking to combat the effect of this testimony defendant introduced witnesses who testified that the partial disability of one hand would not seriously interfere with the work of a fireman, and further, that his helpers were available for the performance of heavy work.
We think the evidence clearly preponderates in favor of plaintiff. While it is true that much of the work could be performed despite the limitation of use of one hand, we are convinced that there would be many occasions when such would not be the case and when helpers would not be available therefor.
We think the case of Hughes v. Enloe, 214 La. 538, 38 So.2d 225, in which the facts with respect to the nature and degree of injury were strikingly similar, is clearly determinative of the issue herein presented.
Accordingly, the judgment from which appealed is amended to the extent of increasing the amount of the award to the sum of $20.00 per week for a period not exceeding 400 weeks, subject to the allowance of a credit of 43 weeks compensation heretofore paid, and, as amended, the judgment is affirmed at appellant’s cost.
KENNON, J., not participating.