HARDY, Judge.
This is a compensation suit in which plaintiff claims permanent, total disability. Plaintiff also sought to recover 12% penalty and attorney’s fees on the ground that defendant insurer “arbitrarily, capriciously and without probable cause, failed to make payment within sixty days after receipt of satisfactory proof * * *” in violation of LSA-R.S. 22:658. After trial there was judgment in favor of plaintiff and against the defendant employer and its insurer at the rate of $3 per week, minimum allowed by statute, for a period not to exceed 300 weeks, subject to credit for compensation already paid. From this judgment plaintiff has appealed, and defendants have answered the appeal, praying for the rejection of plaintiff’s demands.
There is no dispute as to the occurrence of the accident and the nature and character of the injuries sustained, the only question here tendered dealing with the extent of the disability suffered by plaintiff.
Plaintiff was employed as a common laborer, and, at the time of the accident, was engaged in this employment, which consisted of the performance of a number of varied activities — the driving of a truck hauling materials and supplies, covering of finished cement work with burlap bags and the use of tools in the performance of other tasks of manual labor. The accident occurred when plaintiff, 'carrying some burlap bags for the purpose of covering cement work, tripped upon a loose board and sustained a fall, severely spraining his right thumb. The injury is described as a severe sprain of the metacarpophalangeal joint of the thumb-with resultant swelling, stiffness of the joint, enlargement thereof, and a resultant limitation of flexion, extension and movement. As usual there is a serious conflict of opinion between the medical experts for the respective parties litigant, which, however, we do not find to be as serious and irreconcilable as is sometimes the case. The accident occurred in or about the early part of the month of November, 1949. Despite his injury plaintiff continued to work on his job in the regular performance of his duties for a period of more than three months, that is, until the job was completed on or about January 6, 1950. During the interval he had reported to a physician some six or seven weeks after the injury, which physician recommended that he consult an orthopedist. Plaintiff delayed following this advice until after the completion of the job. During the month of January he did consult an orthopedist, was treated for the injury and finally submitted to an operation, which was designed to tighten the thumb 'by adding a ligament and which operation was described as having successful results. Trial was had in April, 1951, some eighteen months, more or less, following the injury. Plaintiff insists that he suffers pain and is unable to- use his thumb to such an extent that he cannot properly perform any of the tasks usually associated in the field of common labor. As a result he claims he is permanently and totally disabled. At the time of trial he was employed as a farm overseer at a wage of $30 per week, which is substantially the same as the wage he was receiving at the time of the accident.
Two medical experts testified on ■behalf of plaintiff, one a general practitioner and the other an orthopedic special *386 ist, who, however, had not received his certificate because of the fact that he had not practiced the length of time required. Both of these witnesses were of the opinion that the injury to plaintiff’s thumb was so severe and its residual effect so great that he was totally and permanently incapacitated from further performance of Work as a common laborer. Three medical witnesses testified on behalf of defendant, one the general practitioner to whom plaintiff at first reported for treatment, and the other two orthopedic specialists of standing and reputation, each of some eleven years or more experience in this particularly highly specialized field. It was the consensus of these witnesses that plaintiff suffered, at the time of the giving of their testimony, a very slight residual impairment and disability of the right thumb which they variously estimated as being from five to ten percent. Taking into consideration the background of education, training and experience of the several medical witnesses, we think the testimony of the witnesses tendered by defendant is entitled to the greater weight and preponderates over that of the experts offered by plaintiff. We accept, as’ did the Judge of the District Court, the computation of disability, as agreed upon by the medical witnesses for defendants, to the extent of a ten percent impairment of the function and use of the right thumb.
Upon the basis of this conclusion the question therefore is squarely presented, that is, whether a ten percent residual disability of the use and efficiency of the right thumb of an individual engaged in common labor is to be regarded as being totally and permanently disabling.
In support of plaintiff’s contention of permanent and total disability his learned counsel quotes extensively from Malone’s Work “Louisiana Workman’s Compensation Law and Practice” and from the opinion of the Supreme Court in Hughes v. Enloe, 214 La. 538, 38 So.2d 225. We find ourselves substantially in accord with the majority of Mr. Malone’s observations. Particularly we are in complete agreement with what he calls a suggested formula with respect to the consideration of the relative effect of an injury to an employee engaged in common labor upon his ability to compete in the common labor market! In the development of this idea Malone reaches the conclusion that a common laborer should be considered to be totally disabled whenever his injury is of such character that it appears he will be substantially handicapped in competing with able bodied workers. Pie observes:
“This formula affords the flexibility necessary to enable the court to pass an intelligent judgment upon the facts of each individual case.”
In this connection, the facts, -as we find them to be established, lead to the conclusion that plaintiff has suffered a ten percent disability in .the use and function of the thumb of his right hand. The record in the case before us does not satisfactorily establish facts which would justify the additional conclusion that plaintiff is unable to secure employment as a common laborer. True it is that plaintiff testified that he suffers pain in his injured thumb; that he is unable to properly grasp and operate tools, such as a shovel or axe, but, unfortunately for plaintiff’s case, we do not think that this testimony is entitled to any great consideration. Militating against the acceptance of plaintiff’s estimate and evaluation of his own disability, we are confronted with two definitely established facts which are entitled, in our opinion, to most serious consideration. First, it is shown that after the injury, and at a time presumably when plaintiff was most affected by pain, he continued to work at his job without interruption for a period of over three months. Second, upon trial of the case an examination by one of the medical witnesses determined that plaintiff showed evidence of continuing manual labor in that both hands were well calloused and by measurement the right forearm was some five-eights of an inch larger than the left, which the 'doctor appeared to regard as evidence of the fact that plaintiff had used his right hand and arm in a natural manner for a period of time. In other words, there was no showing of any disuse nor of any muscular atrophy which would have followed such disuse. Accord *387 ing to plaintiffs own testimony he was able to drive a truck, although he complained that he did not think he would be able to fix a flat tire. In short, we feel that plaintiff has failed to establish by any sort of reasonable preponderance of the evidence his contention that the somewhat minor nature of residual disability in the thumb of his right hand has resulted in total and permanent disability to do ordinary work in the usual pursuits of common labor.
Turning to the Enloe case, cited supra, we observe that the facts involved are entirely different from those before us in the instant case. Enloe had suffered an injury to four fingers of his right hand, which resulted in a twenty-five to thirty-five percent limitation of flexion in such fingers, which condition was admittedly permanent. Further, there was no question as to the fact that Enloe suffered pain in the attempt to use his right hand. There is considerable 'doubt as to this factor in the instant case, inasmuch as one of the medical witnesses on behalf of defendant testified positively and unequivocally that plaintiff in the course of an examination had told him he did not suffer any pain. Similarly the nature and character of the injuries involved in the cases cited in the Supreme Court in the Enloe case were much more serious in nature, character and effect than the one here involved. Knispel v. Gulf States Utilities Co., Inc., 174 La. 401, 141 So. 9, dealt with the disability of a lineman, a skilled laborer, afflicted with double vision; Barr v. Davis Bros. Lumber Co., Ltd., 183 La. 1013, 165 So. 185, concerned an injury to the left leg which was designated as being equivalent to the loss of a foot; Stieffel v. Valentine Sugars, Inc., 188 La. 1091, 179 So. 6, involved a 74.5 disability to the leg; Washington v. Independent Ice & Cold Storage Co., 211 La. 690, 30 So.2d 758, concerned an injury which resulted in the amputation of a hand.
We find ourselves particularly interested in the following observation in brief of learned counsel for plaintiff:
“It may be that the Supreme Court takes a more liberal position than the Courts of Appeal; but, be that as it may, if Enloe case is the law, it should be followed by the Courts of Appeal rather than their own inclination towards a more conservative viewpoint.”
This Court occupies the somewhat unenviable position of having been the court whose judgment was reversed by the Supreme Court in the Enloe case, -and the fact that it is accepted, regarded and followed as the law by this'court admits of not the slightest question. This Court has been, and in all probability will be in the future, guilty of error and mistake, ■ but it strives diligently, desperately and strenuously to avoid repetition of the same error or mistake.
Particularly-appropriate to the determination of the question before us are the observations in the opinion of the Supreme Court in Morgan v. American Bitumuls Co., 217 La. 968, 47 So.2d 739, 740:
“In seeking compensation as for total disability plaintiff contends in this court, to quote from the brief of his counsel, that '* * * when a workman is injured so that he is unable to perform the duties of the position occupied when injured, he is totally and permanently disabled, notwithstanding that his disability would not prevent his resuming other work that he had been doing prior to his employment * * * at time of injury,’ And he cites in support thereof Fluitt v. New Orleans T. & M. Railroad Company, 187 La. 87, 174 So. 163; Stieffel v. Valentine Sugars, Inc., 188 La. 1091, 179 So. 6; Carlino v. United States Fidelity & Guaranty Company, 196 La. 400, 199 So. 228; Ranatza v. Higgins Industries, Inc., 208 La. 198, 23 So.2d 45; Washington v. Independent Ice & Cold Storage Company, 211 La. 690, 30 So.2d 758; Hughes v. Enloe, 214 La. 538, 38 So.2d 225; Lee v. International Paper Company, La.App., 16 So.2d 679; Butzman v. Delta Shipbuilding Company, Inc., La.App., 21 So.2d 80; Henry v. Higgins Industries, Inc., La.App., 24 So.2d 402; Richardson v. American Employers’ *388 Insurance Company, La.App., 31 So.2d 527; Gilmore v. George W. Garig Transfer, Inc., La.App. 33 So.2d 99. A careful reading of the opinions in those cases will show that in almost all of them the respective claimants were awarded compensation as for total disability because the court determined factually that they were wholly unable to perform work similar in character to that in which they were engaged on the occurrence of the accidents. Here, however, the evidence preponderately discloses that this plaintiff sustained an impairment in the use of his left arm which has incapacitated him for performing manual labor, the type of work he was undertaking when injured, only to the extent of approximately 20%. Appropriate, therefore, in view of this limited incapacity, are those decisions which have awarded compensation for partial disability, as distinguished from total disability, such as Washington v. Holmes & Barnes, Limited, La.App. 4 So.2d 51; Daniels v. Shreveport Producing & Refining Corporation, 151 La. 800, 92 So. 341; Hulo v. City of New Iberia, 153 La. 284, 95 So. 719; Black v. Louisiana Central Lumber Company, 161 La. 889, 109 So. 538; Brown v. Vacuum Oil Company, 171 La. 707, 132 So. 117; Roy v. Mutual Rice Company of Louisiana, Inc., 177 La. 883, 149 So. 508.”
After thorough consideration we are firmly of -the opinion that the injury suffered by plaintiff is so slight in degree, nature and effect that it cannot possibly be regarded as a basis for a finding of total and permanent disability. In the District Judge’s assignment of written reasons for judgment we find the following statement upon which, apparently, the judgment was predicated :
“Accordingly, the court is of the opinion that plaintiff should recover compensation of defendants at the rate of 65 percent of 10 percent of his weekly wages, which brings it to $3.-00, the minimum amount which can be awarded under the statute, for a period not to exceed 300 weeks, less the payments through June 29, 1950, heretofore made * * ⅜.”
It appears evident to us that the only judgment which could be rendered, responsive to a finding of partial disability, would fall under the provisions of LSA-R.S. 23:-1221(3) which reads as follows:
“For injury producing partial disability to do work of any reasonable character, sixty-five per centum of the difference between wages at the time of injury and wages which the injured employee is able to earn thereafter during the period of disability, not beyond three hundred weeks.”
This view is shared by counsel for plaintiff who urge in brief that plaintiff is aggrieved by reason of the fact that his claim should fall under the provisions of LSA-R.S. 23:1221(2) dealing with permanent, total disability rather than the provisions under Section (3) bearing upon partial disability.
The record does not indicate the amount of plaintiff’s weekly wage at the time of the injury, but it appears that compensation was paid for a period of some five or six months at the rate of $20.19 per week, which would indicate that it was based upon a wage of approximately $31. As' above observed, the record does establish that plaintiff at the time of trial was receiving a weekly wage of $30. Technically this would indicate a difference in the wage of $1 per week, and an allowance of 10% of 65 percentum of the difference would aggregate some six cents per week. If this basis of calculation is technically .and exactly applied, it would, of course, be necessary to enforce the minimum provision of the Act with respect to the payment of $3 per week. We do not think this result would be justifiable under the facts. There is no showing that plaintiff, earning $30 per week, could not in the employ of another earn more than $30 per week. To our minds the difference of $1 per week, which is not established as. being due to the injury or lack of capacity, or lack of ability to work, is too unimportant to be regarded as constituting that nature and character of difference in earning *389 power which was contemplated by the statute. It follows, therefore, that the demands of plaintiff should properly have been denied.
For the reasons assigned it is ordered, adjudged and decreed that the judgment appealed from be and it is hereby reversed and set aside and there is now judgment rejecting plaintiffs demands. It is further ordered that costs of the lower court be taxed against defendant-appellees and costs of appeal against plaintiff-appellant.
KENNON, J., not participating.