GLADNEY, Judge.
Travelers Insurance Company, the workmen’s compensation insurer of Vernon Johnson, prosecutes this appeal from a judgment which awarded compensation to plaintiff for total and permanent disability.
Kimbrell sustained an injury to his left hand and wrist on April 25, 1954, while employed by the insured. He received forty weekly compensation payments before being discharged by Dr. Don Overdyke, Jr., orthopedist of Shreveport, Louisiana, as able to resume his regular work as a carpenter. Upon insurer’s refusal to make further compensation payments, plaintiff instituted this suit.
The issues raised are that Kimbrell sustained no disability after being discharged by Dr. Overdyke, but if we should hold disability continued thereafter, it should be determined as ten per cent partial and permanent, and compensation should be paid on that basis for a period not exceeding 150 weeks, as prescribed by the Employers’ Liability Act in LSA-R.S. 23:1221(4) (e) and as modified by LSA-R.S. 23:1221(4) (o), less the 40 weeks for which full compensation has been paid.
After treatment by Dr. W. H. Pierson until June 15, 1954, Kimbrell reported to *562 Dr. Overdyke on that date with his hand still swollen and bruised, and the wrist sprained. Later X-rays were taken and revealed an incomplete fracture of the dorsal aspect of the second metacarpal. The fracture healed but a tender mass formed on the back of the wrist. It was described as a traumatic ganglion and was removed by surgery at which time an involvement in the tissues was noted, and determined to be tubercular tenosynovitis. This latter condition was, in the opinion of Dr. Overdyke, activated by the accident. Treatment was continued until approximately March 31, 1955, at which time Kimbrell was discharged as having reached a maximum of improvement. The doctor estimated residual disability as being ten per cent permanent-partial, based on his finding that the left hand and wrist had lost one-third of its strength, a weakness he attributed to disuse. He was of the opinion at that time that plaintiff could resume his former occupation as a carpenter and, as such, handle nails and perform 90% of the work he could do prior to this accident.
On April 11 and May 5, 1955, appellee was examined by Drs. Joseph A. Thomas and Charles E. Cook, respectively, young general practitioners of Natchitoches, Louisiana. Dr. Thomas found the fingers of plaintiff’s left hand were stiff and moved with awkwardness. He noted a restriction in the wrist to ten degrees flexion and five degrees hypertension. It was his opinion that plaintiff sustained the loss of approximately three-fourths of the power of grip in the left hand as compared to the right. He also noted' pain or tenderness present at the site of injury. Dr. Thomas expressed the opinion that because of the weakness of his left hand which he considered to be of a permanent nature, Kimbrell could not continue to work as a carpenter. The testimony of Dr. Cook is substantially the same and is corroborative of that given by Dr. Thomas.
The appellant did not produce in its behalf any medical testimony but relied solely upon that given by the three above named doctors. A summary of the conclusions reached by Drs. Overdyke, Thomas and Cook reveals that Dr. Ov.erdyke was of the opinion plaintiff could resume his occupation as he could perform 90% of his work as a carpenter, and the. other two doctors were of the opinion that plaintiff was permanently and totally disabled and unable to resume his former trade. .
 It is a well settled rule in our jurisprudence that where the medical experts are in substantial disagreement, they are of little aid to the court, which then should seek enlightenment from the record as a whole. Schernbeck v. Martenson, La.App.1954, 78 So.2d 848. Called on behalf of plaintiff were Messrs. A. M. Jones, J. B. Boydstun and Edward E. Tauzin. The two first named witnesses were experienced in the building trades and each testified that because of the weakened condition of plaintiff’s left hand he would not be employable as a carpenter. Mr. Tauzin employed Kim-brell after his injury and testified as to the employee’s residual disability in the left hand. The evidence as a whole clearly shows that as of the time of trial plaintiff could not substantially perform carpentry work and in our opinion appellee is entitled to be awarded compensation on a rating of total and permanent disability. Ample judicial authority for this is to be found in the following citations:
Hughes v. Enloe, 1948, 214 La. 538, 38 So.2d 225; Young v. Central Surety & Insurance Corporation, La.App.1949, 41 So.2d 700; Henry v. Higgins Industries, Inc., La.App.1946, 24 So.2d 402; Washington v. Independent Ice. & Cold Storage Co., 1947, 211 La. 690, 30 So.2d 758; Strother v. Standard Accident Insurance Co., La.App. 1953, 63 So.2d 484, 488. In the case last cited an application of the rule is stated as follows:
“ ‘Plaintiff is a skilled or semi-skilled employee, and the jurisprudence of this state has been established to the effect that such a worker will be regarded as totally disabled if he is unable to perform the kind of work he is trained to do, or customarily does, in the usual *563 and customary way, and without any ■ serious impairment of his capacity to perform such work.’ ”
It follows from our findings as above set forth, that appellee was at the time of the trial of this case, unable to perform his occupation of carpentry in the usual and customary way and therefore, he must he classified as being totally and permanently disabled. The judgment of the trial court awarding him compensation, therefore, must be affirmed at appellant’s cost. :