AYRES, Judge.
Defendant has appealed from a judgment awarding plaintiff workmen’s compensation as for total and permanent disability as the result of injuries sustained to plaintiff’s left hand while performing the duties of his employment in the course of his employer’s sawmill operations.
The record establishes, and the defendant practically concedes, that, as the result of the injuries suffered, plaintiff has sustained a permanent total loss of the use of his hand, on account of which he is unable to perform the work of his former employment or work of a similar nature or character. While reaching over a saw about which he was employed, plaintiff’s left hand was caught in the saw; the bones of his fingers were broken and the tendons were severed, particularly as to the index finger. As a result, his hand is permanently drawn and stiff and has the appearance of a “claw” hand. Such was the finding of Dr. John T. Moseley, who testified as to a scar extending across the whole palm aspect of plaintiff’s left hand, with the fingers ankylosed, unable to' be extended or flexed. It was his opinion that, so far as manual labor was concerned, plaintiff’s hand was useless to him — that the condition would prevail the rest of plaintiff’s life. Dr. Roy V. Martin, who treated plaintiff following the accident, gave testimony similar to that of Dr. Moseley.
The sole question presented is whether plaintiff is entitled to compensation as for permanent total disability under LSA-R.S. 23:1221(2) of the Compensation Act. Defendant contends that plaintiff’s compensation should be based upon Paragraph 4, subparagraphs (e) and (o) of the statute. These provide a schedule of payments as follows:
“(e) For the loss of a hand, sixty-five per centum of wages during one hundred fifty weeks. * * *
“(o) In all cases involving a permanent partial loss of the use or function of the members mentioned here-inabove, compensation shall bear such proportion to the amounts named herein for the total loss of such members *476 as the disability to such members bears to the total loss of the member, provided that in no case shall compensation for an injury to a member exceed the compensation payable for the loss of such member.”
These provisions have no application to a situation wherein an employee, as the result of an accidental injury to a member of his body, such as a hand, is no longer able to perform work of the same or similar character as he was accustomed to perform prior to his injury. It is well settled in the jurisprudence that such disability is deemed total within the intendment of LSA-R.S. 23:1221(2). Hughes v. Enloe, 214 La. 538, 38 So.2d 225; Bean v. Higgins, Inc., 230 La. 211, 88 So.2d 30; Young v. Central Surety & Insurance Corp., La.App., 41 So.2d 700; Henry v. Higgins Industries, Inc., La.App., 24 So.2d 402.
The evidence is convincing that plaintiff is permanently and totally disabled. The test of such disability is whether the injured employee is capable of the performance of the work or the occupation in which he was engaged at the time of injury or whether he is able to do the kind of work usually or customarily done in the usual and customary way and without serious impairment of his capacity to perform such work, or work of a similar nature and character. Bean v. Higgins, Inc., supra; Wright v. National Surety Corp., 221 La. 486, 59 So.2d 695; Morgan v. American Bitumuls Co., 217 La. 968, 47 So.2d 739; Fruge v. Pacific Employers Insurance Co., 226 La. 530, 76 So.2d 719; Id., La.App., 71 So.2d 625; Reeve v. Clement-Braswell Machine & Fabricating Works, La.App., 66 So.2d 387.
The basis of our conclusion is that plaintiff’s left hand was rendered useless to him, so far as the performance of manual labor is concerned, and that such condition is permanent. The evidence clearly supports plaintiff’s position; consequently, the judgment should be affirmed.
Plaintiff, however, contends in brief that defendant-appellant should be assessed the statutory penalty as for frivolous appeal. In the absence of a formal answer to the appeal, we are unauthorized to give consideration to this contention.
The judgment appealed is, accordingly, affirmed at appellant’s cost.
Affirmed.