REDMANN, Judge.
Defendant appeals from a judgment granting workmen’s compensation to plaintiff for permanent total disability.
Plaintiff’s right hand was caught between a chain and sprocket on a cane harvester he was operating in the scope of his employment by his father, defendant’s insured. Due to the accident, plaintiff is missing the long and ring fingers and part of the metacarpal bones between them and the wrist, and is also missing the distal phalanx of the little finger. He cannot move the middle joint of the little finger. There had been a partial loss of the ulnar third of the second metacarpal head, and the index finger deviates towards the little finger.
Defendant agrees plaintiff can never again operate a cane harvester, a somewhat complex machine, but argues plaintiff was not a skilled worker whose trade specialty has been taken away, but rather a common laborer or at best semi-skilled. And, since he has in fact been doing some work on the family farm (for greater pay than prior to his injury) defendant argues he cannot be considered totally disabled.
The issue is whether plaintiff is disabled “to do work of any reasonable character” within the intent of LSA-R.S. 23:1221(2), meaning “to perform work of the same or similar description, kind or character (not necessarily the identical position) to that which the claimant was accustomed to perform or was undertaking when the injury occurred;” Brannon v. Zurich General Accident & Liability Ins. Co., 224 La. 161, 69 So.2d 1 (1953), and authorities there discussed.
In our view of plaintiff’s injury, we believe it unnecessary to decide whether his six-day experience as a cane harvester operator classifies him as a skilled worker with that specialty, or even whether his total experience in operating a variety of farm machinery places him in a special category in which he can no longer work. *406 Even if he was a common laborer he is, in our opinion, so disabled that he substantially cannot now perform the work of a common laborer.
His right hand cannot lift moderatefy heavy weight; it cannot hold for any length of time even a light weight such as a quart of milk, because his deviating index finger yields to pressure. He cannot operate a screwdriver, nor, we assume from the nature of his injury and the disabilities testified to, other ordinary hand tools. One witness, explaining why he would not hire plaintiff as a farm hand, asserted he could not use a shovel.
Defendant cites a physician’s estimate of plaintiff’s loss of function of the hand at 42%. This estimate is not decisive, since the question is not how much of its total functions the hand can perform, but whether plaintiff is disabled to do work within the intent of the statute.
The trial judge concluded plaintiff’s injury “will prevent him from performing any task or work which requires the use of both hands.”
However, as defendant notes, plaintiff is in fact able to perform some work, and has been doing so on his father’s sugar cane farm, receiving identical wages and share of profit as his brothers. Defendant therefore considers plaintiff only partially disabled, and, since there is now no lower wage on which to base partial disability compensation under LSA-R.S. 23:1221(3), believes plaintiff entitled to maximum compensation of ISO weeks for loss of a hand under LSA-R.S. 23:1221(4) (e).
We cannot agree with this contention, both because of the substantial limitations on plaintiff’s ability to work at all, and because in our opinion plaintiff is unable to compete for employment in the ordinary market in view of his disability.
For example, while plaintiff can drive a tractor if equipped with power steering and brakes “and a good comfortable seat”, he cannot attach implements or make minor repairs in the field as tractor operators are expected to do; nor can he do even this limited work a week at a time, because his deviating index finger “goes over and it pains and stiffens up”, “his hand swelled up”; or if the terrain were rough and dry, causing the tractor to bounce, “it would hurt his hand and he would have to stop.” He can in an unorthodox manner operate a cane hoist or derrick; “instead of * * using my right hand, I could use the lever as a foot brake.” He once drove a cane truck to the sugar mill, leaving it for his brother to unload because he cannot hook the chains to unload it. In each part of the work he can do, he can only do part of that part, sometimes with pain, swelling and stiffness in his hand, and sometimes, as in driving almost one-handed or operating a lever with his foot, with a suggestion of increased risk to himself and fellow employees.
In Harper v. Ragus, 62 So.2d 167 (La.App.1953), a farm worker employed as a general handyman and particularly to operate the farm machinery lost the five fingers of his left hand. “He found that under certain limited conditions he could drive a tractor but even with this he was unable to attach connections such as plows, nor is he able to raise the tractor power lift.” He was held totally and permanently disabled within the intent of the statute. While the left hand injury there may have been more severe than the right hand injury here, the decision was that ability to partially operate a tractor, that is, to partially perform part of his prior work, did not constitute the claimant only partially disabled. We believe that principle applicable here.
Another approach to the question, partic-larly pertinent if plaintiff is considered a common laborer, is the question whether the injury makes him unable to compete with other, able-bodied laborers in securing employment; Henry v. Higgins Industries, 24 So.2d 402, (La.App.1946); Washington v. Independent Ice & Cold Storage Co., 211 La. 690, 30 So.2d 758 (1947). We believe this principle also requires affirmation *407 of the trial court’s judgment. The fact his father hired him at the same wages as his brothers who had to help him do his work does not mean he can compete in the ordinary labor market.
The judgment appealed from is affirmed at defendant’s cost.
Affirmed.