REDMANN, Judge.
From a workmen’s compensation award of $49 for 100 weeks for the loss of use of her right index finger, plaintiff appeals. The award was apparently for permanent impairment of a' physical function, La.R.S. 23:1221(4)(p). Plaintiff seeks an award for permanent total disability, or alternatively one for loss of a hand or an arm § 1221(4)(e) or (f), and penalties and attorney’s fees. We affirm.
Plaintiff has a flexion contracture of the finger, which she says causes her disabling pain and which makes the finger virtually useless and, experts estimated, the hand 20 to 35% disabled.
“A permanent total loss of the use of a member is equivalent to the amputation of the member,” § 1221(4)(n), but a 35% disability is not a total loss of use and therefore would not support an award for loss of the hand (much less the arm). (Loss of the finger would support only 30 weeks’ compensation, § 1221(4)(b).)
Permanent disability to work without substantial pain supports an award for total permanent disability, Ball v. American Marine Corp., 1963, 245 La. 515, 159 So.2d 138. But our trial judge apparently did not believe plaintiff’s testimony of disabling pain and we are not in a position to disagree with that credibility evaluation.
Similarly, inability to compete in the ordinary labor market will support a total permanent disability award; Washington v. Independent Ice & C. S. Co., 1947, 211 La. 690, 30 So.2d 758. Plaintiff’s permanently *960 bent right index finger may be a disadvantage in competing for employment, but it is not a substantial disadvantage disabling her from competing.
Penalties and attorney’s fees are not due because there was a bona fide dispute over whether there had been a compensable accident.
Affirmed.