## CARLINO v. UNITED STATES FIDELITY & GUARANTY CO.

### No. 6055.

Court of Appeal of Louisiana. Second Circuit.

Jan. 5, 1940.

Rehearing Denied Feb. 7, 1940.

Writ of Certiorari and Review Granted March 4, 1940.

Judgment Annulled Nov. 4, 1940.

See 199 So. 228.

Gist & Thornton, of Alexandria, for appellant.

Leo Gold, of Alexandria, for appellee.

DREW, Judge.

This is a suit for compensation, under Act No. 20 of 1914, as amended. The facts are as follows:

Plaintiff has been in the employ of the City of Alexandria in its street department for many years. In September, 1936, he developed a hernia in his left side and reported it to the city's physician who informed him that an operation was necessary. Plaintiff continued to work at his same job until February 25, 1937, when he was operated on by the city's physician. He remained away from work until May 24, 1937, when he returned to his regular employment. During the time he was off from work, plaintiff was paid compensation.

The day after plaintiff returned to work, he discovered that a lump had appeared in his side in the area of the operation and on May 25th he consulted the city's physician in regard to this swelling. Plaintiff returned to see the doctor on May 26th and 27th. He continued to work for the city in the same employment until November 15, 1938, at which time a tamper fell on one of his toes and disabled him. Plaintiff was away from work on account of this last injury until January 6, 1939, when he returned to his regular job, continuing in that employment until the very day of the trial of this case below, to-wit, February 6, 1939.

During the period from November 15, 1938, to January 6, 1939, plaintiff was paid compensation, in accordance with the law. He has never ceased working for the city and, so far as this record shows, is still at work in his regular employment.

After plaintiff returned to work in May, 1937, his wages were increased and he has continued at this increased wage, and earning more than twice the amount of compensation he is claiming in this suit.

Plaintiff's contention in this case is that about August 1, 1937, there was a recurrence of the former hernia and that it has gradually grown worse; that since August 1, 1937, he has been totally and permanent-

ly disabled from performing manual labor. We deem it unnecessary to discuss the conflicting claims as to when the recurrence happened. He prayed for judgment for 65% of his wages, as of date September, 1936, and from September, 1936, less the amount of compensation paid. This suit was filed June 18, 1938.

Plaintiff contends, and we think the evidence bears out his contention, that he is able to hold his present job by virtue of his fellow-workmen, with the permission of the city authorities relieving him of most of the heavy work.

█ In the case of Ulmer v. E. I. Dupont De Nemours & Company, La.App., 190 So. 175, 176, the court has succinctly stated the law applicable to this case in the following quoted parts of that opinion:

"Plaintiff is claiming compensation under subsection 1(b) of Section 8 of said Act which provides that compensation shall be paid for injury producing permanent total disability to do work of any reasonable character at a certain percentum of the weekly wages during the disability, not to exceed four hundred weeks. The basis for awarding an employee compensation under this and the other paragraphs (a) and (c) of this subsection is not because of any damage sustained by the employee on account of the accident, but because of the loss or diminution in his earning capacity. Rylander v. Smith & Son, 177 La. 716 [717], 149 So. 434.

"It is obvious that plaintiff did not suffer any loss or diminution in his earning capacity from July 7th to December 28, 1938, as he received full wages for that period. During that period he drew more than the maximum amount of compensation that he would have drawn had he been put on compensation. He suffered no disability during that period as his earnings were not curtailed or affected in any way.

"Plaintiff is not claiming compensation for any of the specific losses provided for under the various subdivisions of paragraph (d) of said subsection 1 of Section 8, and it is irrelevant to argue and theorize on what the situation would be had plaintiff lost an arm, a hand or foot. It is conceivable that an employee could suffer one or more of the specific losses mentioned in this paragraph and yet his earning capacity might not be affected in the least.

But we are not concerned with such a situation in this case.

\* \* \* \* \* \*

"Our ruling in the case must be restricted to the issue presented, and we hold, where an employee receives an injury affecting his capacity to work and is entitled to compensation under those clauses in the compensation law allowing compensation on account of disability, and where such employee, after such disabling injury, continues to receive from his employer his usual wages, whether his services are commensurate with such wages or not, and where such wages are equal to or in excess of the maximum compensation that he could claim for the injury, a suit by such employee for compensation for the period during which the said wages are being paid would be premature. And it follows that no suit for compensation for such period could be maintained after the payment of such wages has terminated and the employee is thereafter paid the maximum compensation up to the time the suit is filed."

█ In the case at bar, defendant has not filed a plea of prematurity and it is suggested that the court cannot supply the plea. This is true. But it is incumbent upon plaintiff to make out his case and when the record shows, as in this case, that there was nothing due plaintiff at the time suit was filed, at the time the case was tried below, and there will never be any compensation due plaintiff as long as he continues to work and receives wages in excess of the amount of compensation that might be due him; and there is no evidence to show any intent on plaintiff's part to cease work in the future, we are at a loss to know how any court could award him judgment for compensation. He has failed to show that any amount is due him or will be due him in the future.

It is plaintiff's contention that, although he received increased wages after the operation and return to work, he should also receive in addition full compensation during that time. This is not the intendment of the law. Plaintiff has failed to make out his case and we are of the opinion the proper judgment is one of non-suit.

It therefore follows that the judgment of the lower court is reversed and there is now judgment rejecting plaintiff's demands as of nonsuit; all costs to be paid by plaintiff.