Plaintiff instituted this suit for compensation for total and permanent disability. He made defendants his immediate employer, John F. Beasley, a sub-contractor of Nathan Wohlfeld, the contractor, and his compensation insurance carrier, Fidelity 
Casualty Company of New York.
Plaintiff alleged that he was employed as a steel worker by Beasley in the erection of a men's gymnasium building at the Louisiana State Normal College, at Natchitoches, Louisiana, and his wages were fixed at $10 per day for a five-day week. That in the course and scope of his employment a heavy steel beam, weighing several tons, fell on him and injured his left leg and arm and that neither limb has healed and will never heal, and that he is totally and permanently incapacitated to follow his usual line of work as a steel worker. Plaintiff prayed for compensation in the amount of $20 per week for a period of 400 weeks, beginning with the week he was injured, August 22, 1939, less a credit of 79 weeks' compensation already paid. He also prayed for $250 medical expenses he had incurred.
Defendants admit the employment and the rate of pay, as alleged by plaintiff. There is no serious dispute over the fact that plaintiff is totally and permanently incapacitated because of said accident as alleged from following his trade as a steel worker. It is defendants' contention that plaintiff is earning $40 per week as secretary and business manager of a steel worker's Union and that since he is earning more than the maximum amount of compensation allowed by the statute, he is not entitled to compensation and if entitled to compensation, it should be based on the Partial Disability clause of the Compensation Act (No. 20 of 1914, as amended, Par. 1 (c) of Sec. 8) which provides for payment in such cases of 65% of the difference between the wages at the time of injury and wages the injured employee is able to earn thereafter, which in the case at bar would be 65% of $10 or $6.50 per week.
It is admitted that plaintiff was at the time of trial and had been for about three months prior thereto earning $40 per week as secretary and business manager of a steel worker's Union, Local, in Shreveport, Louisiana; that his work required him to keep the books, which was performed principally by his wife, and to travel a great deal in looking after the interests of the members of the Local and in collecting permit fees from workers from other jurisdictions who had secured work in the area allotted by the Union to the Shreveport Local. No manual labor was required in the performance of plaintiff's duties with the Union. The position he held was awarded him by the members of the Union in their annual election of officers. He could be relieved of his duties in the same manner. *Page 260 
The record makes it clear that plaintiff is entitled to a judgment for compensation. The only question for determination is whether he is entitled to compensation for total permanent disability to do any work of a reasonable character or for partial permanent disability to do any work of a reasonable character. In the first instance he should have judgment for $20 per week for a period not to exceed 400 weeks and in the second instance he should have judgment for $6.50 per week for a period not to exceed 300 weeks.
The lower court found that plaintiff was entitled to judgment for total and permanent disability and awarded judgment accordingly in the following opinion:
"Sumrall v. [E.I.] Du Pont [De Nemours ] Company [La.App.]1 So.2d 430, holds that the mere fact that plaintiff, a carpenter, was able to earn and did earn, after his injury, a considerable income as a contractor and superintendent, does not bar him from the recovery of compensation if he was disabled from doing the kind of work he was doing when injured, citing McQueen v. Union Indemnity Company, 18 La.App. 612, 136 So. 761, and Anderson v. May, La.App., 195 So. 783.
"In the former case a carpenter, after injury, worked as clerk and attendant at a store and filling station of his wife. The Court held that `work of any reasonable character means work that is reasonably of the same kind or of similar character as the one he was accustomed to perform.
"In the latter employment in a different line of work was held to be no bar to recovery for permanent disability.
"In the latest case, Lorch v. American Can Company [La.App.]5 So.2d 35, it was held that proof of inability to engage in work as a machinist which plaintiff had followed for 13 years, or any similar work, justified recovery for permanent total disability. In this case plaintiff suffered injury to one eye, not totally destroying it.
"Defendants rely upon Ulmer v. [E.I.] Du Pont [De Nemours 
Co., La.App.] 190 So. 175, which holds that where the injured employee continues to receive from his employer his usual wages, whether his services are commensurable with such wages or not, and where such wages are equal to or in excess of the maximum compensation that he could claim for the injury, a suit by such employee for compensation for the period during which said wages are being paid would be premature.
"In the case of Carpenter v. [E.I.] Du Pont [De Nemours ] Company [La.App.] 194 So. 99, it is held that the payment of wages under such circumstances is sufficiently akin to the payment of compensation to interrupt the running of the peremptive period.
"In Reeves v. Union Sulphur Company [La.App.] 193 So. 399, payment of full wages is held equivalent to compensation.
"The strongest decision in favor of defendants is that of the Court of Appeal, Second Circuit, in the case of Carlino v. United States F. G. Co., 198 So. 278, which squarely holds that where wages equal to or in excess of maximum compensation are being paid by the employer whether the services rendered are commensurate or not with such wages, a suit for compensation is premature.
"But this case went to the Supreme Court on writs, being reported in 196 La. [400] 405, 199 So. 228. In the original opinion the view of the Court of Appeal was sustained, but on rehearing it was reversed, the Court holding that the payment of full wages could not bar an action by an injured employee to have his compensation fixed, but that compensation could not be recovered for the period during which wages equal to or in excess of the compensation had been paid. The insurer was denied credit for any excess paid by the employer, the Court holding that the wages took the place of compensation for the period in which they were paid. That payments in excess of compensation did not extend the period. The Ulmer case was discussed and overruled.
"It will be noted that in all the latter cases cited above, wages were paid by the employer, who owed compensation. In the present case wages were paid by a third person not concerned with the payment of compensation. It therefore cannot be contended that compensation has been paid in any form.
"The only ground remaining upon which defendants can succeed is that the evidence fails to establish that plaintiff was incapacitated from doing work of any reasonable character, as defined by the jurisprudence to mean, that is reasonably of the same kind or similar character that he was performing at the time of his injury, was accustomed to perform or trained to perform.
"Plaintiff had worked for 13 years and was working at the time of injury as a structural steel worker. That he is *Page 261 
incapacitated from following this occupation is abundantly proven and not contested. Since his injury he has been employed by his local Union as business agent. This necessitates the keeping of books and some clerical work, which his wife does. He has no training or capacity as a bookkeeper or clerk. In addition he goes from place to place to look after the interest of his union and fellow members. His position is elective. He can be disposed of at any meeting. It is reasonable to suppose that the votes cast for him were influenced to some extent by his disability. His position is not general in character. It is not a job that he can get anywhere upon application and proof of training or ability. It is precarious in the extreme. Even though he is receiving more than the amount of compensation due, there is no guaranty of continuance. His wages are not paid by his compensation debtors.
"Defendants Wohlfeld and The Fidelity Casualty Company of New York contend they are but technically and secondarily liable whereas John F. Beasley is primarily liable, and ask for judgment against Beasley for the amount of any judgment rendered against them.
"We cannot agree with this contention. Liability in these cases is not dependent upon fault. It is purely statutory and therefore of equal degree.
"The record contains the stipulation that defendants may file in the record a statement showing medical and hospital expenses paid by Beasley or his former insurer. We find no such statement in the record.
"Dr. Addison's charge alone exceeds the $250.00 allowed by the Act. Payment of 114 weeks at $20.00 per week is admitted.
"There is accordingly and for the reasons assigned, judgment in favor of plaintiff, Harry H. Phillips, and against Nathan Wohlfeld, John F. Beasley and the Fidelity Casualty Company of New York in solido for compensation at the rate of $20.00 per week for the period of disability not to exceed 400 weeks, the first payment to be due August 24, 1939, with legal interest on each payment from due date until paid, subject to a credit of 114 weeks' payment at said rate of $20.00 per week. Also for $250.00 medical expenses, and all costs of court."
It is plaintiff's contention that he was elected to his present position by his Union brothers through sympathy and as an act of gratuity. The evidence does not bear him out in his contention. The only evidence in the record pertaining to the kind of man required for the position he now holds is from members of other Locals and is that a hard-boiled, aggressive man is usually chosen for such a job and that it is not customary to give it to an invalid. The record further discloses that plaintiff is a man weighing from 200 to 220 pounds, of ruddy complexion and has the general appearance of a sound, healthy man, although his appearance belies the true condition.
Defendants call attention to the fact that under the judgment of the lower court plaintiff will receive in compensation and salary $10 more per week than he was earning when injured. This is true but there is no certainty that this will last and, as stated by the lower court, his position is not general in character. It is not a job that he can get anywhere upon proof of training or ability. In fact, we think it safe to say that he could only hold such a position in his own Local and whenever the brothers of his Local see fit to dispose of his services, he is out. It was suggested in argument that whenever that happens he can come into court and have the judgment altered. We know of no law authorizing such an action. The Compensation Act, Act No. 20 of 1914, provides that the plaintiff can come into court and show that his injury or physical condition has grown worse after judgment has been rendered, but it does not provide for him to come into court and show that he has lost a job he had, the loss not being due to any change in his physical condition.
A uniform interpretation of a law does not always work equal justice upon all litigants. There are bound to be exceptional cases, some in which unusual hardships might be brought about and those in which the litigant might get more than would ordinarily be due. Such cases are rare exceptions and not the rule.
In the case at bar if the court should find that plaintiff was only entitled to $6.50 per week under the Partial Disability clause above referred to, and next week his fellow members of the Union should replace him as secretary and general manager, a grave injustice would have been done. On the other hand, if he holds his present elective position through the duration of the term of the judgment of the lower court, he will receive $10 a week more than he was earning when injured. *Page 262 
It is clearly one of the unusual and exceptional cases that arise and give reasoning to the late jurisprudence of all the appellate courts of the State in interpreting "work of any reasonable character" to mean work of the same kind or similar to the work he was accustomed to perform. The kind and character of work performed by those in the trade which he followed before the accident.
The mere fact that one who has been deprived of following his trade in the future is lucky enough, due to a boom time or otherwise, to obtain a temporary position in a line of work in which he has had no training or experience, cannot be used to deprive him of the compensation which may mean his subsistence in the future after the temporary job is a thing of the past.
Defendants suggest that if this case does not come under the Partial Disability provisions of the Act above referred to, then that provision is "meaningless superfluity". We cannot agree with that suggestion for it is easy to visualize a case which would come under that provision; for instance, if an employee's injury was such as to deprive him of work in the higher pay bracket of his trade but would permit him to work in the same trade in the lower pay brackets.
In order to reverse the lower court's judgment, we would have to reverse numerous decisions of this court and the other appellate courts of this State, a number of which are cited by the lower court in the interpretation of the phrase "work of any reasonable character". We would not have the temerity to do so even though we thought the interpretation was erroneous. It has become settled jurisprudence.
The lower court in its opinion said:
"Defendants Wohlfeld and the Fidelity Casualty Company of New York contend that they are but technically and secondarily liable, whereas John F. Beasley is primarily liable and ask for judgment against Beasley for the amount of any judgment rendered against them. We cannot agree with this contention. Liability in these cases is not dependent upon fault, it is purely statutory and therefore of equal degree".
However, in the judgment which was signed, judgment against Beasley was granted to Wohlfeld and his insurer, in accordance with the Compensation Act of this State.
We are convinced that under the jurisprudence of this State, the judgment of the lower court is correct and it is affirmed with costs.
TALIAFERRO and HAMITER, JJ., concur.