This is a compensation suit in which plaintiff claims compensation at the rate of $20 per week for total disability, arising from injuries suffered in an accident on the 4th day of March, 1942. At the time of the accident plaintiff was employed by the defendant, Silas Mason Company, as a blacksmith, and, while using a pair of tongs in the process of shaping some rings, sustained a fall caused by the breaking of the tongs. As a result of the fall plaintiff claims to have suffered such injury to his right shoulder and arm as to be permanently and totally incapacitated from performing manual labor or from doing any work of any reasonable character.
There is no dispute as to the fact of the accident and resulting injuries to plaintiff's right arm and shoulder, nor as to the rate of weekly compensation. There is serious dispute as to the nature and extent of the injuries and the effect thereof.
The evidence in the record discloses that prior to the trade of blacksmith plaintiff had worked as a carpenter and that he had been engaged in these two principal occupations practically all of his life. However, it is also shown that plaintiff for some years has owned and operated a farm, and, also, that for a period of time after the accident, indeed, at the very time of the trial of this suit, plaintiff worked as a team foreman employed in the grading and rebuilding of the L. A. Railroad right-of-way, in this capacity supervising a number of employees and their teams, and on occasions actually demonstrating, by plowing and operating a "fresno", the manner in which he wished certain work performed. From these facts defendant argues that the injury to plaintiff has not deprived him of the entire use of his arm, nor has it prevented him from engaging in work of a reasonable character.
After an analysis of the medical testimony, we have found no difficulty in concluding that plaintiff is suffering from a loss of the use of his right arm to an extent which prevents him from following the trade of either carpenter or blacksmith with complete effectiveness. It is true that plaintiff himself testifies that he is able to do manual labor so long as he can work toward the front and so long as the character of the work to be performed does not require the movement of his arm above the horizontal or to the side.
It is, of course, obvious that as a blacksmith unable to raise his arm above a horizontal position, or as a carpenter unable to work with his right arm in positions above his head, or, indeed, above shoulder level, plaintiff's chances of procuring employment in either trade are considerably lessened. Employers, even in boom times, are not inclined to employ men who are 50%, 75% or even 90% efficient, nor are examining physicians willing to pass men for employment who suffer from impairment of their physical functions.
The contention of defendant that plaintiff is not disabled because he can continue to operate a farm, and because there are many duties both as blacksmith and carpenter that he can successfully perform, cannot be allowed in view of the jurisprudence of our courts interpreting the phrase "work of any reasonable character" to mean work of the same kind or character performed in the trade which the employee was accustomed to follow prior to the accident. The latest pronouncement of this doctrine is found in the judgment of this Court in the opinion of Judge Drew in Phillips v. Wohlfield et al., La. App.,10 So.2d 258.
Counsel for both plaintiff and defendant argue that plaintiff's injuries must fall under one of the schedules provided in the Compensation Act, plaintiff contending that the injury has produced permanent total disability, and defendant arguing that in the event the Court should conclude that plaintiff's earning capacity has been impaired the award should be based upon an allowance of 65% of the difference between the wages earned at the time of the injury and the wages which the injured employee is able to earn thereafter.
While the Legislature has made the effort to provide classification of injuries with regard to their effects, it is, of course, understandable that such provision cannot be made with absolute certainty nor in such detail as to cover every conceivable case that may arise. The duty, therefore, devolves upon the courts in interpreting the classifications under which particular injuries should fall to place each *Page 139 
injury in that category which most nearly covers and includes the character, extent and effect of such injury.
In the instant case, we do not feel that we would be justified in holding that the injury to this plaintiff has produced a temporary total disability such as is contemplated by the language used in Section 8, subd. 1 (a) of the Act, Act No. 242 of 1928, p. 357. Nor can we subscribe to the conclusion of the trial Court that the injury to plaintiff produced permanent total disability within the meaning and intent of Section 8, subd. 1 (b) of the Act.
To follow the alternative argument advanced on behalf of the defendant that the most plaintiff is entitled to is allowance for partial disability under Section 8, subd. 1 (c) of the Act, would force us to the necessity of construing the words "work of any reasonable character" as meaning any kind or character of manual labor, rather than labor of the same or a similar nature as that pursued by the injured employee in his regular and accustomed trade.
In addition to these considerations, we are impressed with the fact that an allowance to plaintiff on the basis of a permanent total disability would be in complete disregard of the undisputed facts disclosed by the record. Not even plaintiff contends that the injury has permanently and totally disabled him since admittedly he is able to perform to a limited degree certain kinds of manual labor.
After careful consideration, we conclude that plaintiff's injury has resulted in a permanent partial loss of the use of function of his right arm, and, therefore, is most nearly subject to exact classification under paragraph 15 of Section 8, subd. 1 (d) of the Act, Act No. 242 of 1928, p. 358.
This paragraph provides that the compensation allowed shall bear such proportion to the amounts fixed for the total loss of the member involved as disability to such member bears to the total loss of the member.
It therefore becomes our duty to fix the estimate of the degree of the loss of function of plaintiff's arm.
There is such a sharp difference of opinion between the medical witnesses for plaintiff and those for defendant that we find their opinions of comparatively little assistance in reaching a conclusion. Nevertheless, we are convinced that, insofar as plaintiff's ability to follow the trades of carpentry or blacksmithing is concerned, the disability is as complete as if he had suffered the loss of his arm. By all reasonable standards of construction, it must be admitted that there is no such thing as a 65% carpenter or a 50% blacksmith. Employment is not easily obtained by those who are unable to perform the ordinary duties attendant upon their trade. It is easy to understand that employers have no desire to take into their employ men who are capable of performing only a certain proportion of the labor attendant upon their respective trades. Such a policy would inevitably result in confusion, loss of time and efficiency.
For these reasons, we are of the opinion that the loss of use of the function of plaintiff's right arm is complete, and, therefore, that the intent and purpose of the Compensation Act and the ends of justice will be best served by awarding plaintiff compensation at the rate of 65 per centum of wages during 200 weeks.
The facts of the case of Carroll v. International Paper Company, 14 La.App. 532, 122 So. 131, 132, decided by this Court are more nearly applicable to the case before us than any other which we have been able to find. The following statement is quoted from the opinion in the case cited: "This evidence convinces us that plaintiff has lost the use of function of his right arm, so far as doing carpentering, his usual work, is concerned. It is true the evidence shows that he can use the forearm to some extent, but it also shows that he is unable to do carpenter work and hold a job as a carpenter. And this, under our interpretation of the law, amounts to loss of use of function of the arm."
For the reasons set forth, the judgment appealed from, in favor of the plaintiff, Rufus L. Haynes, and against the defendants, Silas Mason Company and Liberty Mutual Insurance Company, jointly and in solido, condemning them to pay plaintiff compensation at the rate of $20 per week for the period of his disability, not, however, exceeding 400 weeks, commencing March 4, 1942, with legal interest on each payment from the time it became due until paid, subject to a credit of twenty-five weekly compensation payments paid prior to the institution of this suit, said payments to be made in the manner *Page 140 
prescribed by law, is amended to the extent of condemning the defendants to pay plaintiff compensation at the rate of $20 per week for a period of 200 weeks, subject to the credit of twenty-five weekly compensation payments paid prior to the institution of this suit, and, as amended, the judgment is affirmed. Costs of this appeal are to be borne by appellee.