O’NIELL, Chief Justice.
 

 This is a suit for compensation for an injury alleged to have produced permanent total disability to do work of any reasonable character. The suit is brought under paragraph (b) of subsection 1 of section 8 of the Employers’ Liability Act, Act No. 20 of 1914, as amended by Act No. 242 of 1928, p. 357.
 

 While the plaintiff was employed as a carpenter at the defendant’s shipbuilding plant in New Orleans, on April 25, 1942, he suffered an injury to his right arm, which caused total disability to do the work of a carpenter or to do any work of that kind. ■ The plaintiff has had no training or skill in any other trade except that of a carpenter, which trade he had practiced for 12' years at the time of the accident. His wages-then averaged $62.50 per week. Hence he sued for the maximum of $20 per week for the period of his disability, not to exceed 400 weeks, for permanent total disability. The district court gave judgment accordingly, and the court of appeals affirmed the judgment. 18 So.2d 202.
 

 About six months after the accident, the plaintiff obtained employment with the Louisiana Transit Company, as a bus driver over a route of only a few miles, between the station at Carrollton Avenue and Claiborne Avenue in New Orleans, and the terminus at Kenner, Louisiana. The plaintiff’s duties included also certain light work about the garage, such as changing the oil, cleaning or changing spark plugs, and otherwise helping in the servicing of the busses. For all of these services, including the driving of the bus, the plaintiff received at the beginning of his employment only small wages, about $9 a week, for working only a few hours per day, and thereafter he received $110 per month for about six months, and $135 for the remaining eight months, up to the date of the trial of the case. During the whole period of fourteen months he received bonuses amounting to $235. Our calculation is that his earnings averaged $30 per week for the period of approximately sixty weeks, from the time he went to work for the Transit Company to the time of the trial of this case. The defendant therefore contends that the plaintiff is only partially disabled, and hence that he should be compensated according to paragraph (c) of
 
 *201
 
 subsection 1 of section 8 of the statute, which provides that for injuries producing partial disability to do work of any reasonable character the injured employee shall receive, during the period of his disability, not exceeding 300 weeks, 65% of the difference between the wages which he was earning at the time of the accident and the wages which he is able to earn after the accident. This of course is subject to the maximum rate of $20 per week.
 

 If the disability, in this instance, should be classified as partial disability, as contended by the defendant, instead of being classified as total disability, as allowed by the district court and the court of appeal, the change in the classification would make no difference in the rate of compensation, because the difference between the average weekly wages which the plaintiff was earning as a carpenter at the time of the accident and the average weekly wages which he has been able to earn as a bus driver since the accident amounted to approximately $32.50 per week; and 65% of $32.50 amounts to more than the maximum wages of $20 per week. The only difference that it would make to classify the injury as a partial disability instead of total disability would be in the maximum number of weeks for which the maximum compensation of $20 per week would be payable; that is to say, for permanent total disability the maximum period is 400 weeks, under paragraph (b), whereas, for partial disability, whether temporary or permanent, the maximum period is only 300 weeks.
 

 This court has held in two cases, namely, Knispel v. Gulf States Utilities Co., 174 La. 401, 141 So. 9, and Stieffel v. Valentine Sugars, 188 La. 1091, 179 So. 6, that when an employee is a skilled mechanic, or is trained and experienced in a special trade, and when the injury causes a total disability to continue carrying on the trade or the work for which alone the employee is suited by training and experience, and causes total disability to do any work of a similar character, the 'disability must be considered as total disability to' do work of any reasonable character, in the meaning of paragraph (a), (b) and (c) of subsection 1 of section 8 of the Employers’ Liability Act, Act No. 20 of 1914, as amended by Act No. 242 of 1928, p. 357, notwithstanding the injured employee may have succeeded in obtaining,' after the accident, employment of a different kind and not requiring any special skill or training. The same rule has been followed consistently by the courts of appeal, specifically, in the following cases: McQueen v. Union Indemnity Co., 18 La.App. 612, 136 So. 761; Yarbrough v. Great American Indemnity Co., La.App., 159 So. 438; Custer v. New Orleans Paper Box Factory, La.App., 170 So. 388; Hibbard v. Blane, La.App., 183 So. 39; Anderson v. May, La.App., 195 So. 783; Sumrall v. E. I. Du Pont De Nemours & Co., La.App., 1 So.2d 430; Phillips v. Wohlfeld, La.App., 10 So.2d 258; Thompson v. Leach & McClain, 11 So.2d 109; McKenzie v. Standard Motor Co., La.App., 15 So.2d 115. The rule is particularly applicable to this case, where the employment obtained since the
 
 *203
 
 accident requires no special training or skill, such as that which makes a carpenter or a member of any of the other mechanical trades somewhat independent in the matter of obtaining employment at desirable wages.
 

 The judgment complained of is affirmed.