Ellis T. **LABORDE**

v.

**BLOUNT BROTHERS CONSTRUCTION
COMPANY et al.**

**Civ. A. No. 4239.**

United States District Court
E. D. Louisiana
New Orleans Division.

June 12, 1957.

Thomas Barr, III, New Orleans, La., for plaintiff.

Weiss & Weiss, S. Paul Weiss, Jr., New Orleans, La., for defendants.

CHRISTENBERRY, Chief Judge.

This is a civil action for the recovery of compensation for total and permanent disability under the Louisiana Workmen's Compensation Act. LSA–R.S. 23:1021 et seq. The Court, having heard the evidence and arguments of counsel, and having taken time to consider, makes the following findings of fact and conclusions of law:

### Findings of Fact.

I.

The plaintiff, Ellis T. Laborde, is a citizen of the State of Louisiana; the defendant Blount Brothers Construction Co. Inc. is a corporation of the State of Alabama; and the defendant United States Fidelity and Guaranty Company of Baltimore, Maryland is a foreign insurance corporation authorized to and doing business in the State of Louisiana.

II.

United States Fidelity and Guaranty Company was on December 3, 1952, the insurer for workmen's compensation of Blount Brothers Construction Co. Inc. The matter in controversy exceeds the sum of $3,000.

III.

The plaintiff on December 3, 1952, was employed by the defendant Blount Brothers Construction Co. Inc., as a journeyman carpenter, earning wages at

the rate of $2.32 per hour for a forty-hour week, or $92.80 per week.

## IV.

The plaintiff was working as a journeyman carpenter of some sixteen years' experience at the time of the injury. In this skilled occupation, the plaintiff, a right handed man, was required to use a hammer and saw, among other tools.

## V.

On December 3, 1952, the plaintiff, while so employed by defendant, Blount Brothers Construction Co. Inc., and in the course of his employment, suffered an injury to his neck, right shoulder and upper back, when a "Georgia buggy", containing unhardened concrete, fell from a runway onto him.

## VI.

From December 3, 1952, to December 10, 1952, the plaintiff did not perform his normal carpentry duties but he was assigned by Blount Brothers to filing saws. On December 10, 1952, he was assigned as a carpenter's foreman and remained with the defendant construction company in that capacity until March 11, 1953. Since that date, he has been employed by various construction contractors and a department store, as a carpenter during the latter part of March and early part of April, 1953, and at all other times as a carpenter's foreman. Since February, 1954, he has never sought work as a carpenter. At the time of the trial the plaintiff was employed as a carpenter's foreman by Morgan and Lindsay retail stores.

## VII.

As a result of the accident, the plaintiff suffered an injury to the fourth and fifth cervical vertebrae, resulting in loss of motion between and of these vertebrae, which has caused injury to nerves passing between these vertebrae, and which ultimately has caused a diminution of sensation in the first three fingers of the right hand and diminution in gripping strength in the right hand. Since the accident, the plaintiff has suffered pain in the area of his neck and right shoulder. The plaintiff has been and is unable to perform the duties of a journeyman carpenter because of the injury and its consequences.

## Conclusions of Law.

## I.

This Court has jurisdiction by virtue of the diversity of citizenship of the parties, and the amount in controversy.

## II.

■ Plaintiff's employment with the defendant Blount Brothers Construction Co. Inc. was hazardous. LSA–R.S. 23:-1035.

## III.

■ The plaintiff is totally and permanently disabled within the meaning of LSA–R.S. 23:1221 because, by reason of the pain which accompanies the performance of his duties as a construction carpenter and the diminution of strength in his right hand, he is unable to perform the duties of a construction carpenter or work of a similiar character. Wright v. National Surety Corp., 221 La. 486, 59 So.2d 695; Fruge v. Pacific Employers Ins. Co., La.App. 1 Cir., 71 So.2d 625, affirmed 226 La. 530, 76 So.2d 719; Bean v. Higgins, Inc., 230 La. 211, 88 So.2d 30; although he is able to perform, and has performed, the duties of a carpenter's foreman; McKenzie v. Standard Motor Car Co., La. App. 1 Cir., 15 So.2d 115; Ranatza v. Higgins Industries, Inc., 208 La. 198, 23 So.2d 45; Hibbard v. Blane, La.App. 2 Cir., 183 So. 39.

## IV.

■ The plaintiff is entitled to compensation at the rate of $30 per week from December 3, 1952, during his period of disability, not exceeding 400 weeks; LSA–R.S. 23:1221; however, the defendants must be given credit for the number of weeks during which the plaintiff continued on the job and drew wages following the injury. Carlino v. U. S. Fidelity & Guaranty Co., 196 La. 400, 199 So. 228; McKenzie v. Standard Motor Car Co., supra; and Globe Construc-

tion Co. v. Brewer, 5 Cir., 197 F.2d 707, 708.

## V.

The plaintiff is entitled to his medical expenses, not to exceed the sum of $1,-000; LSA–R.S. 23:1203.

## VI.

The defendant, United States Fidelity and Guaranty Co., did not arbitrarily, capriciously, and without probable cause, refuse to make any payment of compensation to plaintiff.

Judgment has been entered accordingly.