BOLIN, Judge.
From judgment decreeing plaintiff to be totally and permanently disabled under the Louisiana Workmen’s Compensation Statute and ordering his employer and its insurer to pay him benefits thereunder, defendants appeal.
It is conceded plaintiff received accidental injuries during the course and scope of his employment; that his duties were hazardous; and that his average weekly earnings were $48. The only issues are the extent and duration of his disability.
Plaintiff had been employed for several years by defendant, Choudrant Butane Company, Inc. His duties were varied and consisted of assisting in the installation of butane tanks and appliances, digging ditches, using heavy tools, such as hammers, shovels, wrenches, etc. In his work he came in contact with grease, plumbing compounds, cement, grime, dirt and other matters requiring the use of strong soaps and cleansers in order to remove such irritants from his hands and arms.
Williams, while working on a butane tank, unscrewed its safety valve and the liquid gas, under pressure in the tank, escaped and got on the body, arms and hands of plaintiff causing the injuries of which he complains. As the liquid is released from pressure it becomes gas and in the process freezes or “burns” that which it contacts. Thus plaintiff, a Negro, was severely burned and at the time of trial large areas of his hands and arms which had lost pigmentation, were exceedingly tender.
Following the accident plaintiff received medical treatment and was off from work about six weeks during which time he received compensation. At the end of this period he was dismissed as able to return to work by his attending physician, Dr. Marvin T. Green. He went back to work for Choudrant Butane for a few days doing light work, but upon being advised by one of his physicians not to continue in his former work, he voluntarily terminated his job with Choudrant Butane and went to work at McGehee’s Hatchery where his duties consisted primarily of attending to a large number of hens and gathering eggs.
The medical evidence consisted of the testimony of three general practitioners, two dermatologists and a plastic surgeon. In his written reasons for judgment the trial judge had this to say about the medical evidence.
“From a fair analysis of the testimony before the Court, it is believed that the plaintiff was totally disabled from doing the same type and kind of work that he was engaged in at the time of the accident of October 13, 1962, but from the evidence, it is impossible to set any sort of accurate duration of the disability. Of course, under our law, the defendants have the right to re-open the case at any time that they can establish that the plaintiff has recovered sufficiently not to be disabled and when that is established, to stop further compensation payments.”
We agree with the above conclusions of the district judge. As a result of the accident, we think the employee has been rendered unable to perform any work necessitating contact with such materials as soaps, oils, alkalies, fuels and various types of chemicals and that his hands are more susceptible to mechanical or physical trauma.
This decision primarily rests upon a proper interpretation of LSA-R.S. 23:1221(2) which provides:
“Compensation shall be paid under this Chapter in accordance with the following schedule of payments:
* * * * * *
*393 “(2) For injury producing permanent total disability to do work of any reasonable character, sixty-five per centum of wages during the period of disability, not beyond four hundred weeks.” (Emphasis added.)
It is contended by defendants that plaintiff was employed as a common laborer; that his duties with the Choudrant Butane Company could not be classified as either skilled or semi-skilled; that the plaintiff quit his employment, though he was able to resume it; and that he took another job which called for him to perform common unskilled labor; and that consequently he is not disabled within the meaning of the compensation law.
Plaintiff on the other hand contends the term “disability to do work of any reasonable character” means disability to perform work of the same or similar description, kind or character as that which the claimant was accustomed to perform when injured; and although an employee thus disabled is actually then working and earning a salary in another type of employment, this does not negative his right to recover compensation when it is shown, after the accident, he cannot perform a substantial part of the work for which he was trained and customarily performed at the time of the injury.
The problem of determining when an injured employee is unable to do work “of any reasonable character” has long plagued our courts. In an effort to solve this problem many cases have classified the employee’s duties as skilled, semi-skilled or common labor. The criterion applied in the first two categories is whether or not the employee is able to perform substantially all the duties in the position he held when injured; whereas in the case of a common laborer total disability is pronounced when his injury is of such character that it appears he will be substantially handicapped in competing with able-bodied workers in the common labor market. However, these categorizations are purely jurisprudential. Regardless of the means or method the task remains one of determining whether or not he is able to do work of “any reasonable character.” We think this employee hasi shown by a preponderance of evidence that because of his injuries to his hands, he is still unable to work around any primary irritants, or to do any kind of work with machinery or tools and, further, that such disability is of indefinite duration. We conclude plaintiff is disabled to do work of a “reasonable character” which entitles him to a judgment for total and permanent disability under the statute previously cited herein.
The judgment appealed from is affirmed at appellants’ costs.
Affirmed.