GLADNEY, Judge.
This action was instituted by Ike Kemp, an employee of the L. L. Brewton Lumber Company, Inc., for the purpose of recovering workmen’s compensation as the result of dermatitis caused by his contact with sawdust, resins and pine forestry products. *912 From a judgment awarding compensation during the period of disability only, plaintiff has appealed.
Kemp was employed by the defendant in its sawmill in Winnfield as a common laborer performing the duties of an off-bearer, in which position it was his job to catch slabs and lumber coming off the saw. He had been so employed approximately three years when on October IS, 1958, he developed blisters and irritations on his body which prevented him from continuing with his employment for a period of twelve weeks, during which time he was under treatment. The skin condition cleared up and Kemp returned to his work on February 17, 1959 and continued working until March 6 when he left his employment for the stated reason that he was unable to continue due to a return of the condition of his skin which appeared to be affected by contact with pine products.
Expert testimony was furnished by Dr. William H. Hamilton of Alexandria and Dr. IT. Whitney Boggs of Shreveport, Louisiana, both dermatologists.
Dr. Hamilton made examinations of the employee on November 8, 1958, and on January 25, 1959. On the first examination, Dr. Hamilton administered a patch test of freshly cut sawdust and this test developed a 1 + reaction after two days. From this finding plaintiff’s trouble was diagnosed as nummular eczema, secondary to irritation to pine sawdust. The last examination revealed no activity of his dermatitis although there was a residual roughness and dryness of the upper legs and lower abdomen. Dr. Hamilton advised Kemp that further exposure to the sawdust was inadvisable as it would cause a reoccurrence of the dermatitis.
Doctor Boggs examined the employee on April 14, 1959. After testing for a positive allergy to sawdust, pine resins and shavings, he reported that these were patch tested and found to be completely negative. Dr. Boggs noted, however, that it is not unusual for a sensitivity reaction which was previously positive to develop into a negative reaction at a later date. In view of his findings, Dr. Boggs reported that it was impossible for him to state definitely that Kemp’s condition was actually due to sawmill dust, pine resins or shavings from the planer mill at which he worked.
The record does not indicate whether plaintiff has had further attacks of the dermatitis after leaving the employment of defendant. The trial judge was not convinced that plaintiff’s condition was caused by his work and held the disability was not the result of an occupational disease.
The principal, if not the only issue presented on this appeal, is whether the plaintiff is totally disabled from dermatitis, a specified disease listed as an occupational disease under the provisions of LSA-R.S. 23:1031.1. Counsel for appellant contends that plaintiff is not trained, experienced and skilled in any special trade or work other than as a common laborer in the sawmill industry, and that because of his age, and lack of education and work experience in other trades, he is incapable of learning or performing work other than that in which he was employed at the time of his injury, and therefore he is unable to compete in the common labor market.
In determining whether or not the employee has become totally disabled to do “work of any reasonable character” within the meaning of the Workmen’s Compensation Act,‘LSA-R.S. 23:1221, the jurisprudence reflects different rules of application for the skilled, the semi-skilled and the unskilled worker, and the Courts have experienced difficulty in so classifying the laborer. In Brannon v. Zurich General Accident Liability and Insurance Company, 224 La. 161, 69 So.2d 1 (1958), our Supreme Court observed that no hard and fast rule can be laid down for guidance but each case, must stand on its own peculiar facts.
Professor Wex S'. Malone’s treatise entitled Louisiana Workmen’s Compensation *913 Law and Practice, Chapter 13, Section 275, has made a suggestion for a more flexible interpretation of total disability, saying:
“This flexibility is afforded by the broad phrase, ‘work of any reasonable character’ as set forth in the compensation statute. As the extent of skill required in the work performed prior to accident increases, there should be a correspondingly increased insistence that the new work closely resemble the old. Nothing more definite than this is possible or practical.”
In the instant case the record is clear that the employee is a common laborer. For the greater part of his life he has been so employed in the sawmill industry. In such a case the laborer is not considered as being disabled from “work of any reasonable character” unless his disability is of such a nature that it substantially handicaps him in competing with able-bodied men in the common labor market. Ranatza v. Higgins Industries, 208 La. 198, 23 So.2d 45 (1945); Hughes v. Enloe, 214 La. 538, 38 So.2d 225 (1948); Olivier v. Liberty Mutual Insurance Company, 241 La. 745, 131 So.2d 50; Glidden v. Alexandria Concrete Company, 242 La. 626, 137 So.2d 894 (1962); Anderson v. Rowan Drilling Company, La. App., 150 So.2d 828 (3rd Cir. 1963) (Cert. ref.)
The trial court rejected Kemp’s demands on the ground that he had failed to prove total disability by reason of dermatitis. This conclusion was based on a finding that the disabling skin condition experienced by the laborer was not the result of an allergy caused by contact with pine products. Conceding, however, that appellant’s allergy is due to his contact with pine products, nonetheless, it is our opinion that appellant has not made out a case of total disability under the principles of law above enunciated. He is not so substantially handicapped as to prevent him from competing with able-bodied men in a common labor market where there are many other jobs that would not bring him into contact with pine products.
For the foregoing reasons the judgment from which appellant has appealed is affirmed at appellant’s costs.