BARNETTE, Judge.
This is a suit for recovery of 100 weeks additional compensation brought by an injured workman by way of reconventional demand in answer to his employer’s petition for termination of payments under a judgment of total disability ordering payments for 300 weeks. From a judgment rejecting his demands for the increase the injured employee has appealed.
The plaintiff, John E. Wells, while employed as an anode worker by Kaiser Aluminum Corporation was injured in the course of his employment when his foot slipped from a beam on which he was standing causing it to plunge into a vat of molten aluminum, resulting in a serious burn. Payments of compensation at the rate of $35 per week were made for 111 weeks by the employer or his insurer. The maximum allowance of $2500 for medical expense was also paid. Thereafter plaintiff brought suit alleging total permanent disability which resulted in a judgment, July 25, 1961, for 300 weeks compensation at $35 per week with 12 percent statutory penalty and 20 percent attorney’s fees, less credit for the amount already paid. ’ ,.
After making payments for 276 weeks, the employer, Kaiser Aluminum and Chemical Corporation, and its insurer, Fireman’s Fund Indemnity Company, brought a petition under LSA-R.S. 23:1331 for modification of the judgment and for termination of the order for payment on the allegation that the claimant had fully recovered from his disability. Plaintiff answered this petition denying his recovery from disability and by reconvention prayed that the case be reopened under LSA-R.S. 23 :1331 and that the judgment be amended by increasing payments to 400 weeks.
*39 Before the case was called for trial on these pleadings the 300 weeks had expired and the judgment of July 25, 1961, had been fully discharged. The issue raised by defendants’ petition was therefore moot and was withdrawn. The case went to trial on the issue raised by the reconventional demand and was submitted for judgment on plaintiff’s testimony and the written reports of Dr. William Fisher, dated October 8, 1963, and Dr. Irvin Cahen, dated July 22, 1963, and the X-ray report of Drs. Teitel-baum and Schneider, dated July 12, 1963, to Dr. Cahen. All were submitted by stipulation. There is no transcript of the plaintiff’s testimony, and we have only the statement of the trial judge in his reasons for judgment touching upon the facts testified to by plaintiff.
The trial judge’s statement reveals that, since leaving Kaiser, plaintiff has worked as a taxicab driver; a bus driver; a rural mail route employee, handling bulk mail; and has worked in some capacity connected with tung oil production. He regularly drives his own automobile. The trial judge also commented on his observation of plaintiff’s movements in the courtroom indicating no impairment. The exhibition of the injured foot to the court disclosed no evidence of continuing disability other than scar tissue. No medical treatment had been sought by plaintiff since rendition of the original judgment.
From the doctors’ reports there is no doubt that there is some permanent residttal impairment in the flexion of plaintiff’s left foot. Both doctors reported that the underside of the skin grafted onto the heel had adhered to the Achilles tendon and the sheath of the calf muscle which attached to the tendon in such a way as to prevent plaintiff’s raising his toes and the front of his 'foot. The result is that plaintiff is unable to put his heel down when walking or standing. This inability to walk normally is evidenced by a flattening of the metatarsal arch and the formation of a large callous at the base of the big toe on plaintiff’s left foot. In addition the scar tissue resulting from skin grafting extends over the foot and ankle and is sensitive to the pressure of high top shoes which are necessary as a protective measure in certain types of industrial employment.
On the other hand the plaintiff is not incapacitated from employment in many fields of labor and has been employed in several capacities since the original trial herein, thus demonstrating his ability to work successfully in the competitive labor market. He is not therefore wholly disabled to do work “of any reasonable character.”
There are numerous cases in our jurisprudence from the Supreme Court and the Courts of Appeal wherein a distinction between skilled or semi-skilled workmen and common laborers has been made to determine if the injured workman is disabled to do work of any reasonable character within the intendment of the compensation statute. The Supreme Court said in Brannon v. Zurich Gen. Acc. & Liab. Ins. Co., 224 La. 161, 166, 69 So.2d 1, 3 (1953): “There is, of course, no hard and fast rule that can be laid down for guidance in the application of this rule to the limitless variations of fact presented to the courts. Each case must stand on its own peculiar facts.”
In the Brannon case the Supreme Court reiterated the jurisprudence which has prevailed since its decision in Knispel v. Gulf States Util. Co., 174 La. 401, 141 So. 9 (1932), to the effect that “disability ‘to do work of any reasonable character’ within the intendment of the statute means ‘disability to perform work of the same or similar description, kind or character (not necessarily the identical position) to that which the claimant was accustomed to perform or was undertaking when the injury occurred.’ ” 224 La. at 166, 69 So.2d at 3. See also Morgan v. American Bitumuls Co., 217 La. 968, 47 So.2d 739 (1950) ; and Scott v. Hillyer, Deutsch, Edwards, Inc., 217 La. 596, 46 So.2d 914 (1950).
*40 In Wright v. National Sur. Corp., 221 La. 486, 59 So.2d 695 (1952), the Supreme Court held that an operator of a large .asphalt spreading truck was a skilled workman and was entitled to compensation for ¡total permanent disability, notwithstanding ■his ability to drive smaller trucks or automobiles and perform duties of employment less strenuous than that of an asphalt truck ■operator.
In Williams v. Zurich Ins. Co., 159 So.2d 391 (La.App.2d Cir. 1963), the court held that an employee whose duties varied in the assisting in installing butane gas tanks and appliances, including digging ditches and handling tools, wrenches, shovels, coming in contact with grease, plumbing compounds, cement, and dirty objects, was permanently and totally disabled from doing work of any reasonable character. His labor required the use of strong soaps and skin irritants to remove the substances from his hands and arms which aggravated a skin condition resulting from gas burns sustained in the course of his employment. The court there said:
“The problem of determining when an injured employee is unable to do work ‘of any reasonable character’ has long plagued our courts. In an effort to solve this problem many cases have classified the employee’s duties as skilled, semiskilled or common labor. The criterion applied in the first two categories is whether or not the employee is able to perform substantially all the duties in the position he held when injured; whereas in the case of a common laborer total disability is pronounced when his injury is of such character that it appears he will be substantially handicapped in competing with able-bodied workers in the common labor market. However, these categorizations are purely jurisprudential. Regardless of the means or method the task remains one of determining whether or not he is able to do work of ‘any reasonable character.’ * * * ” 159 So.2d at 393.
The same court held in Kemp v. L. L. Brewton Lumber Co., 168 So.2d 911 (La. App.2d Cir. 1964), that a common laborer was not totally disabled to do work of any reasonable character within the meaning of the statute. In that case the injury was caused by exposure to sawdust, resins and pine forestry products while employed as a common laborer in a sawmill. The court held that his injury and susceptibility to dermatitis resulting therefrom did not prevent his successful competition in the common labor market in many comparable fields of labor where he would not be exposed to pine resin irritants. The court cited Professor Wex S. Malone’s treatise entitled “Louisiana Workmen’s Compensation Law and Practice,” section 275. We also have referred to that able treatise which discusses more fully than we think necessary to repeat here the numerous cases in our jurisprudence on this subject.
The record before us does not contain a transcript of the testimony taken on the original trial of this case in 1961. We assume that since no appeal was taken from the judgment rendered at that time that it was deemed unnecessary to transcribe the testimony taken. On the second hearing, from which the present appeal was taken, the only testimony submitted was in the form of written statements of the examining physicians touching upon the plaintiff’s physical condition at that later date. Therefore, there is nothing before us from which we can determine the nature of plaintiff’s work at the time of his injury or whether or not he was a skilled or semi-skilled workman or a common laborer.
The only references we can find in the record to plaintiff’s duties of employment are a statement by the trial judge that he was “an anode man whose duties required standing on a narrow beam and handling heavy material” and plaintiff’s allegation in article 2 of his original petition as follows:
“That on or about June 1, 1959, plaintiff was employed by said employer as an *41 anode man which required him to do heavy and streneous [sic] work consisting of lifting of heavy metal and placing of the metal into the pots in which metal was placed under extreme heat and melted and to walk upon a ten or twelve inch beam in order to do his work and all duties required of an anode man, and all of the said work was part of a regular trade, business or occupation of the said employer and that said work is hazardous within the meaning of the. Louisiana Workmen’s Compensation Statutes.”
We do not know what an “anode man” is. We have no way of determining if he is skilled or semi-skilled or a common laborer. There is nothing in the record to indicate the extent to which his duties required him to walk on narrow beams, or if this is an essential or necessary part of the duties of an “anode man.” Not having these facts before us, we cannot determine if the partial permanent impairment of mobility of his left foot is a disabling injury rendering him incapable of doing work of any reasonable character within the intendment of the compensation statute as interpreted by our jurisprudence.
While claimants in workmen’s compensation suits carry the burden of proof and are required to establish their right to payment by a preponderance of the evidence to a legal certainty, our jurisprudence is equally clear that in compensation cases the paramount duty of the courts is to learn the true facts and to render such judgment as the justice of the case requires. James v. Acme Window Cleaners, 139 So.2d 586 (La. App. 4th Cir. 1962). To this end a liberal application of the laws of evidence and procedure is sanctioned.
Since the transcript of testimony in the original trial is not in the record before us, we have no more right to assume that plaintiff did not make proof of the important elements of his case mentioned above than to assume that he did. We cannot “render any judgment which is just, legal, and proper upon the record on appeal” as required by LSA-C.C.P. art. 2164. The only just disposition we can make of the matter before us is to remand the case with instructions to the trial court to hear testimony touching upon the questions we have pointed out herein as essential to a just determination of the issue in dispute and to render such judgment as is consistent therewith under the jurisprudence of the state. See Brown v. Mansfield Hardwood Lumber Co., 50 So.2d 116 (La.App.2d Cir. 1951).
The judgment appealed from is annulled and set aside, and the case is remanded for further proceedings consistent with the views herein expressed and in accordance with instructions. The appellees are cast for costs of this appeal. All other costs shall be taxed in accordance with the final judgment after trial on remand.
Judgment annulled and set aside; remanded.